UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| JANE ROES 1-2, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SFBSC MANAGEMENT, LLC and DOES 1-200,<br><br>Defendants. | Case No.  14-3616   (LB)<br><br>**ORDER ON ANONYMITY & SEALING**<br><br>[ECF No. 17] |

## INTRODUCTION

This is a dispute under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, and various California labor laws. (Am. Compl. – ECF No. 11 at 1-2, ¶ 1.) It is a putative collective action under the FLSA and a putative class action under Rule 23. (*Id.* at 18-19, ¶¶ 60, 63-64.)[1] The plaintiffs formerly worked for defendant SFBSC Management, LLC as "exotic dancers" — which is to say, "nude and semi-nude" dancers — at various nightclubs. (ECF No. 11 at 1-3, ¶¶ 1, 7.) They claim that SFBSC wrongfully classified them as independent contractors and thus denied them the minimum wage and other benefits to which the FLSA entitled them. (*Id.* at 1-2, ¶ 1.) They also claim that SFBSC violated other federal and state labor laws. (*Id.*). They seek to

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the tops of the documents.

ORDER ON SEALING & ANONYMITY – 14-3616 LB

represent themselves and anyone who, during a stated period, worked for SFBSC as exotic dancers in California. (*Id.* at 1-2 (¶ 1), 18-19 (¶¶ 60, 63-64).)

The plaintiffs ask the court to do two things: First, to allow them to proceed under "Jane Roe" pseudonyms; and, second, to allow future plaintiffs to join this suit by filing their FLSA consents under seal. (ECF No. 17 at 1.) (Plaintiffs in FLSA collective suits must affirmatively "opt in" by filing consent forms. 29 U.S.C. § 216(b).) For the reasons stated below, the court grants the motion to proceed pseudonymously. Because that decision should largely answer the concerns that drive the sealing motion, and because sealing requests should be made with respect to particular documents as the case progresses, the court denies the sealing motion, subject to the qualifications at the end of this order.

The court finds this matter suitable for determination without oral argument. *See* Civil L.R. 7-1(b).

## STATEMENT

The plaintiffs contend that they and any future plaintiffs need to proceed anonymously because this suit will involve details about them of a "highly sensitive and personal nature." (ECF No. 17 at 3.) Exotic dancing, they write, carries a "significant social stigma." Moreover, "there are risks inherent in working as an exotic dancer, including risk of injury" by nightclub patrons if their names or addresses are publicly disclosed. (*Id.*) Disclosure could also "affect their future employment prospects outside the adult nightclub industry." (*Id.* at 4.) For such reasons, the plaintiffs explain, at SFBSC's nightclubs, "it is customary for exotic dancers to use pseudonyms or stage names for privacy and personal[-]safety reasons." (*Id.* at 3.) The plaintiffs thus "wish to protect their rights to privacy" and argue that other potential plaintiffs will be "hesitant" to join this suit if they cannot proceed anonymously. (*Id.*)

SFBSC responds that the plaintiffs are not legally entitled to anonymity. (ECF No. 19.) In sum, SFBSC argues: "The desire to keep a personal matter secret or avoid embarrassment and social stigma does not justify the unusual cloak of anonymity . . . ." (*Id.* at 3.) It argues that the plaintiffs have not shown a severe or even reasonable threat of harm from being made to proceed under their own names; that their "alleged privacy concerns" do not justify anonymity; and that

SFBSC will be prejudiced if the plaintiffs use pseudonyms — because anonymity will both impede discovery in this case and deny SFBSC effective *res judicata* defenses in the future. (*Id.* at 4-6.) In a letter to plaintiffs' counsel, though, SFBSC's attorney wrote: "We are mindful of the privacy rights and concerns that underlie Jane Roe's decision to sue under a fictitious name and *we agree that the public disclosure of an exotic dancer's true identity presents substantial risk of harm.*" (ECF No. 26 at 12 (emphasis added).) The plaintiffs have given SFBSC their real names under the confidentiality terms of the protective order entered in this case. (ECF No. 17 at 5, ¶ 2; *see* ECF No. 14 (protective order).)

## ANALYSIS

### I. GOVERNING LAW

The parties do not disagree on the overarching aspects of the governing law. The decision to allow pseudonyms is "discretionary" but is cabined by the Ninth Circuit's express guidance. *See Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067-68 (9th Cir. 2000). "In this circuit, we allow parties to use pseudonyms in the 'unusual case' when nondisclosure of the party's identity 'is necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment.'" *Id.* (citing *United States v. Doe,* 655 F.2d 920 (9th Cir. 1981) (using pseudonyms in opinion because appellant, a prison inmate, "faced a serious risk of bodily harm" if his role as a government witness were disclosed) and *Doe v. Madison School Dist. No. 321,* 147 F.3d 832 (9th Cir. 1998) (stating that plaintiff filed case as "Jane Doe" because she feared retaliation by the community).

Anonymity, however, cuts against the bedrock principle that courts and judicial records are open. *See, e.g., Advanced Textile*, 214 F.3d at 1067 (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598-99 (1978) and *EEOC v. Erection Co.*, 900 F.2d 168, 169 (9th Cir. 1990)).

The question is one of balance. The Ninth Circuit has held that "a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Advanced Textile*, 214 F.3d at 1068. In sum:

> [A] district court must balance the need for anonymity against the general presumption that parties' identities are public information and the risk of unfairness to the opposing party. Applying this balancing test, courts have permitted plaintiffs to use pseudonyms in three situations: (1) when identification creates a risk of retaliatory physical or mental harm; (2) when anonymity is necessary "to preserve privacy in a matter of sensitive and highly personal nature"; and (3) when the anonymous party is "compelled to admit [his or her] intention to engage in illegal conduct, thereby risking criminal prosecution[.]"

*Id.* (citations omitted).

The court holds that, under Ninth Circuit law, the plaintiffs should be allowed to proceed under Jane Roe pseudonyms largely for the reasons the plaintiffs identify.

## II. APPLICATION

### A. Privacy and Social Stigma

The plaintiffs express a legitimate concern for their privacy and, more compelling for the anonymity analysis, an understandable fear of social stigmatization. The Ninth Circuit has recognized that courts grant anonymity where it is needed to "preserve privacy in a matter of sensitive and highly personal nature." *Advanced Textile*, 214 F.3d at 1068 (quoting *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993)). "In this circuit," consequently, "we allow parties to use pseudonyms" where this is "necessary" to "protect a person from . . . *ridicule or personal embarrassment.*" *Advanced Textile*, 214 F.3d at 1067-68 (emphasis added).

Arguing against pseudonymity, SFBSC points to *4 Exotic Dancers v. Spearmint Rhino*, No. 08-4038, 2009 WL 250054 (C.D. Cal. Jan. 29, 2009). (*See* ECF No. 19 at 4-5.) The plaintiffs in that case — who, as the case's name suggests, were also exotic dancers — were denied anonymity where, in SFBSC's view, they gave the "same reasons" for withholding their real names as the present plaintiffs. (*Id.* at 4.) SFBSC calls *4 Exotic Dancers* "indistinguishable" from this case. (*Id.*)

The court does not agree that *4 Exotic Dancers* compels the denial of anonymity here. That decision does not reflect how this district has understood the law of anonymity. The court in *4 Exotic Dancers* cited a decision of this district, *Doe v. Rostker*, 89 F.R.D. 158 (N.D. Cal. 1981), for the proposition that "some embarrassment or economic harm is not enough" to justify anonymity. *See 4 Exotic Dancers*, 2009 WL 250054 at *3 (citing *Rostker*, 89 F.R.D. at 162). SFBSC cites *Rostker* for the same idea. (ECF No. 19 at 3.) But *Rostker* itself distinguishes those

ORDER ON SEALING & ANONYMITY – 14-3616 LB                                                                4

1  insufficient fears ("some embarrassment or economic harm") from the following, which *justify*

2  anonymity:

> A plaintiff should be permitted to proceed anonymously in cases where a substantial privacy interest is involved. *The most compelling situations involve matters which are highly sensitive, such as social stigmatization* . . . . That the plaintiff may suffer some embarrassment or economic harm is not enough.

*Rostker*, 89 F.R.D. at 162 (emphases added). This district has thus considered "social stigmatization" among the "most compelling" reasons for permitting anonymity. This is consistent with the Ninth Circuit's instruction in *Advanced Textile* that anonymity is permitted where the subject matter of a case is "sensitive and highly personal," and where disclosing a party's identity threatens to subject them to "harassment, . . . ridicule or personal embarrassment." *See Advanced Textile*, 214 F.3d at 1067-68.

The plaintiffs have identified an adequate threat of personal embarrassment and social stigmatization that, under *Advanced Textile*, militates for allowing them to proceed under Jane Roe pseudonyms. To the extent that *4 Exotic Dancers* points to a different conclusion, the court respectfully disagrees with that decision.

This case moreover falls into what may be roughly called the area of human sexuality. As SFBSC recognizes (*see* ECF No. 19 at 4-5), courts have often allowed parties to use pseudonyms when a case involves topics in this "sensitive and highly personal" area. The most famous case of this sort — which, however, did not address the question of pseudonymity — is certainly *Roe v. Wade*, 410 U.S. 113 (1973). But there are many others. *E.g., United States v. Doe*, 488 F.3d 1154, 1155 n.1 (9th Cir. 2007) (allowing defendant convicted of producing child pornography to use pseudonym); *Doe v. Megless*, 654 F.3d 404, 408 (3rd Cir. 2011) ("Examples of areas where courts have allowed pseudonyms include . . . abortion, . . . transexuality . . . and homosexuality.") (quotation omitted) (cited by SFBSC at ECF No. 19 at 4-5); *John Doe 140 v. Archdiocese of Portland*, 249 F.R.D. 358, 361 (D. Or. 2008) (plaintiff alleging that he was sexually abused as minor allowed to proceed anonymously); *Doe v. United Serv. Life Ins. Co.*, 123 F.R.D. 437 (sexual orientation); *Doe v. Deschamps*, 64 F.R.D. 652 (D. Mont. 1974) (abortion; collecting older cases).

The court does not mean to equate the various specific topics that these cases subtend. A broad brush will do: For purposes of the anonymity discussion, it is enough to observe that courts have regularly responded to the especially sensitive nature of this area and have been willing to grant parties anonymity. The same judicial instinct should apply here. SFBSC's contention that the business of nude and semi-nude dancing "simply does not fall within" the field of "sexuality" (ECF No. 19 at 5) is unconvincing.

**B. Threatened Harm**

The court must also consider the plaintiffs' claim that disclosing their identities would subject them to potential harm, both physical and with regard to their careers. (*See* ECF No. 17 at 3-4.) The Ninth Circuit has again provided guidance: "[I]n cases where, as here, pseudonyms are used to shield the anonymous party from retaliation, the district court should determine the need for anonymity by evaluating the following factors: (1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears; and (3) the anonymous party's vulnerability to such retaliation." *Advanced Textile*, 214 F.3d at 1068. The plaintiffs "are not required to prove that the defendants intend to carry out the threatened retaliation. What is relevant is that plaintiffs were threatened, and that a reasonable person would believe that the threat might actually be carried out." *Id.* at 1071. While this language specifically addresses career retaliation by an employer defendant, its terms and concerns usefully frame the general question of whether a plaintiff seeking anonymity faces any harm. The latter is, again, a recognized basis for granting anonymity. *E.g., id.* at 1068 (anonymity is allowed where identification "creates a risk of . . . physical or mental harm"); *Doe,* 655 F.2d at 922 n. 1 (using pseudonyms where informant "faced a serious risk of bodily harm").

The plaintiffs express reasonable concerns that disclosing their identities would threaten them with both career and possibly physical harm. (ECF No. 17 at 3-4.)  For such "privacy and personal[-]safety reasons," they explain, at SFBSC's nightclubs, "it is customary for the exotic dancers to use . . . stage names." (*Id.* at 3.) SFBSC does not deny this: either the practice or its rationale. Finally, SFBSC has "agree[d] that that the public disclosure of an exotic dancer's true identity presents substantial risk of harm." (ECF No. 26 at 12 (emphasis added).) This

ORDER ON SEALING & ANONYMITY – 14-3616 LB                                                                                              6

consideration favors allowing the plaintiffs to proceed pseudonymously.

### C. Prejudice to SFBSC — *Res judicata* and Discovery

"The court must also determine the precise prejudice at each stage of the proceedings to" SFBSC, "and whether proceedings may be structured so as to mitigate that prejudice." *Advanced Textile*, 214 F.3d at 1068. SFBSC contends that the plaintiffs' anonymity would prejudice it in two ways. First, SFBSC argues: "If Plaintiffs . . . were permitted to proceed anonymously, [SFBSC] faces the potential inability to assert a *res judicata* defense to later-filed actions by the same individuals." (ECF No. 19 at 6.) Second, SFBSC expresses concern that anonymity would impede discovery. "Defendants would be prohibited during discovery from communicating with third-party witnesses about Plaintiffs . . . by name." (*Id.* at 5.) SFBSC could not, for example, learn from such witnesses whether a particular performer worked for nightclubs other than SFBSC's — a fact that SFBSC notes is relevant to determining whether the plaintiffs were rightly classified as independent contractors. (*Id.*)

These are both real concerns. The Ninth Circuit, however, has said: "[W]hatever knowledge defendants have of plaintiffs' identifies . . . lessens their claims to be prejudiced by the use of pseudonyms." *Advanced Textile*, 214 F.3d at 1069 n. 11. The present plaintiffs have given SFBSC their real names (under the confidentiality terms of the protective order entered in this case). This answers both of SFBSC's concerns.

It should fully dissolve the *res judicata* concern. If a plaintiff bound by the eventual judgment in this case later sues SFBSC, then SFBSC, having the plaintiffs' names, will know this and can assert a *res judicata* defense.

The discovery point is not as simple. That SFBSC knows the plaintiffs' names puts them in a better position than the defendants who unsuccessfully opposed anonymity in *Advanced Textile*. The *Advanced Textile* defendants did not know the plaintiffs' real names in that case. *Advanced Textile*, 214 F.3d at 1069. Yet the Ninth Circuit held that, at the pre-discovery stage of the proceedings, the defendants "suffer[ed] no prejudice by not knowing" the plaintiffs' names. *Id.* at 1069, 1072. To this admittedly limited extent, *a fortiori* from *Advanced Textile*, SFBSC would not be prejudiced by allowing the plaintiffs to undertake their case anonymously. Going forward, it is

foreseeable that anonymity would raise problems for discovery, of the type the SFBSC indicates. But anonymity need not, and should not, impede either party's ability to develop its case. The Ninth Circuit in *Advanced Textile* alluded to the court's "powers to manage pretrial proceedings" to shape discovery and avoid impediments that anonymity might raise. *See id.* This might include, for example, issuing limited protective orders allowing the plaintiffs' names to be revealed to significant third parties, in a way that protects the plaintiffs' interests sufficiently, "without prejudicing the opposing party's ability to litigate the case." *Id.* The plaintiffs have indicated that they "would not object to identifying any such other clubs"; similar facts "may be established by stipulation" or by third-party depositions under the terms of the protective order. (Pl. Reply – ECF No. 26 at 6.)

Such matters can be managed. They do not outweigh the plaintiffs' interest in proceeding anonymously. Implicit to this decision is the understanding that the plaintiffs will continue providing SFBSC their real names under the protective order.

**D. Public Interest in Open Courts**

"Finally, the court must decide whether the public's interest in the case would be best served by requiring that the litigants reveal their identities." *Advanced Textile*, 214 F.3d at 1068.

The court does not take lightly keeping information from the public record. Open courts and open judicial records are fundamental to the very idea of the rule of law. This root tenet can be invoked too reflexively, though, where the situation at hand does not threaten the principle. The court thinks that this is such a case. There is nothing about the plaintiffs' identities that makes it critical to the working of justice to reveal those identities. Anonymity, in other words, does not in this case threaten the principle of open courts. (Likewise, "the question whether there is a constitutional right to abortion is of immense public interest, but the public did not suffer by not knowing the plaintiff's true name in *Roe v. Wade*." *Advanced Textile*, 214 F.3d at 1072 n. 15.) The great bulk of this case will be on the public record. The basic facts of the plaintiffs' employment and the defendants' challenged conduct, the court's reasoning, and the resulting interplay of those things — which is to say, in a word, the *law* that runs through and results from this case — will be open to the public. And that is the crucial thing.

1    This is consistent with the approach that the Ninth Circuit has taken to this facet of the
2 anonymity inquiry. The Ninth Circuit reversed the district court for denying anonymity in
3 *Advanced Textile* partly because, while the district court held that "the public interest would be
4 served by requiring the plaintiffs to reveal their true identities," it "did not explain . . . how
5 disguising plaintiffs' identities will obstruct the public scrutiny of the important issues in [that]
6 case." *Advanced Textile*, 214 F.3d at 1072. The Ninth Circuit itself "fail[ed] to see how it would."
7 *Id.* Here, too, the court fails to see how the plaintiffs' proceeding anonymously would actually bar
8 public scrutiny of this case's operative issues.

One final point in this area:

> The public also has an interest in seeing this case decided on the merits. Employee suits to enforce their statutory rights benefit the general public. Moreover, as the Supreme Court has recognized, fear of employer reprisals will frequently chill employees' willingness to challenge employers' violations of their rights. Thus, permitting plaintiffs to use pseudonyms will serve the public's interest in this lawsuit by enabling it to go forward.

*Id.* at 1073 (citations omitted). The court holds that, in this case, the plaintiffs' interest in safeguarding their personal well-being outweighs the public's interest in knowing the plaintiffs' identities.

### III. SEALING MOTION

The plaintiffs also ask the court to allow future plaintiffs to file their FLSA consents under seal. (ECF No. 17 at 1, 6.) The court denies this request. (Sealing and anonymity are not the same thing, of course, and do not raise identical legal questions. *See United States v. Stoterau*, 524 F.3d 988, 1012-13 (9th Cir. 2008).) Because the plaintiffs will proceed pseudonymously, sealing the consents wholesale does not seem necessary. The request is too broad. The decision to allow the plaintiffs (present and future) anonymity will justify redacting their names and other identifying information from filings (to be replaced where appropriate with the assigned pseudonyms). But requests to seal particular filings, or parts of filings, to remove them wholly from the public record, must relate to specific documents and must be made by a motion that satisfies the court's local rule on sealing. *See* Civ. L.R. 79-5. The court will address such specific requests as they arise. Among other requirements, such redactions must always be as narrowly tailored as possible.

*See id.*

## CONCLUSION

The court grants the plaintiffs' motion to proceed anonymously. The present and any future plaintiffs may use pseudonyms. The court denies the plaintiffs' motion to allow future plaintiffs to file FLSA consents under seal — subject to the discussion in Part III, *supra*.

This disposes of ECF No. 17.

**IT IS SO ORDERED**.

Dated: January 12, 2015

_____
Laurel Beeler
United States Magistrate Judge