Douglas J. Melton, Bar No. 161353
Shane M. Cahill, Bar. No. 227972
LONG & LEVIT LLP
465 California Street, 5th Floor
San Francisco, California  94104
Telephone:     (415) 397-2222
E-mail:          dmelton@longlevit.com
                     scahill@longlevit.com

Attorneys for Defendant
SFBSC Management, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE ROE, on behalf of herself and all others similarly situated,<br><br>            Plaintiff,<br><br>v.<br><br>SFBSC MANAGEMENT, LLC; and DOES 1-200,<br><br>            Defendants. | Case No.  3:14-cv-03616-LB<br><br>**THIRD SUPPLEMENTAL DECLARATION OF GARY MARLIN IN SUPPORT OF MOTION TO COMPEL ARBITRATION RE PLAINTIFFS JANE ROE 1 AND 2**<br><br>Date:       February 5, 2015<br>Time:      9:30 a.m.<br>Place:      Courtroom C, 15th Floor<br>Judge:     Hon. Laurel Beeler |

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA  94104

- 1 -

Third Supp. Decl. of Marlin ISO Motion to
Compel Arb. Re Plaintiffs Jane Roe 1 and 2
CASE NO.  3:14-CV-03616-LB

I, Gary Marlin, declare:

1.      I have personal knowledge of all the facts stated in this declaration.  I could and would competently testify to these facts if called upon to do so in court.

2.      I submit this Third Supplemental Declaration to clear up confusion about the Extension of Club Performer Contract documents ("Extensions") that were attached as exhibits "A" and "B" to my Second Supplemental Declaration filed in support of BSC's Motion to Compel Arbitration.  Specifically, the Extensions made reference to an "addendum 'A'" to the relevant Performer Contracts but those Performer Contracts had no addenda.

3.      I believe the reference to "addendum 'A'" in the Extensions is to an addendum attached to Performer Contract forms used by some of BSC's client nightclubs in 2011 – 2012 (and possibly earlier).  A true, accurate and complete copy of that addendum 'A' form is attached hereto as exhibit "A."

4.      The addendum 'A' form was intended to clarify aspects of the revenue-sharing relationship between the client nightclubs and independent contractor entertainers who performed there.  After the 2011 – 2012 period, it is my understanding that the client nightclubs stopped using addenda to the Performer Contracts and opted, instead, to incorporate the type of information from the addenda into the body of the Performer Contracts.

5.      I believe the reference to an "addendum 'A'" in the Extensions attached to my Second Supplemental Declaration was erroneous.  The Extensions related to Performer Contracts from the period after 2011 – 2012.  It is my understanding that the client nightclubs had previously used similar Extension documents to fill gaps in time between the expiration of the prior year's Performer Contract and the execution of the subsequent year's Performer Contract.  Here, it appears the Gold Club simply used the old Extension template in 2014 even though by then the Performer Contracts it used no longer had addenda.

6.      To the best of my knowledge, the addendum 'A' form attached hereto as exhibit "A" is the only addenda the client nightclubs used with respect to their Performer Contracts.

///

///

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA  94104

- 1 -

Third Supp. Decl. of Marlin ISO Motion to
Compel Arb. Re Plaintiffs Jane Roe 1 and 2
CASE NO.  3:14-CV-03616-LB

1    I declare under penalty of perjury, under the laws of the United States of America, that the

2    foregoing is true and correct and that this declaration was signed at San Francisco, California, on

3    February __9__, 2015.

4

5                                                    _____
                                                     Gary Marlin

6    DOCS\S0301-204\742276.1

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA  94104

- 2 -

Third Supp. Decl. of Marlin ISO Motion to
Compel Arb. Re Plaintiffs Jane Roe 1 and 2
CASE NO.  3:14-CV-03616-LB

Exhibit A

**Gold Club-SF, LLC dba GOLD CLUB**
650 Howard Street, San Francisco, CA 94105

**ADDENDUM "A"**

1. **BILL ACCEPTOR MACHINES OR COLLECTION BOXES.** The parties agree that all Gross Revenues (proceeds from individual dance sales) shall be deposited into the bill acceptor machines installed at each booth or in the collection boxes issued to dancers. Failure to do so constitutes a breach of contract and conversion of owner's property.

2. **GROSS REVENUES ARE OWNER'S PROPERTY.** The proceeds from individual dance sales and booth rentals are owner's property. Owner will retain a portion thereof, and pay over to Performer a portion thereof, specifically as set forth below.

3. **Club Dollars.** Performer is not required to accept Club Dollars, but any Club Dollars she accepts will be redeemed by Owner at 85% of face value.

4. **COMPENSATION.** The parties agree that Performer will be compensated by Owner from the Gross Revenues attributable to her individual dance sales (excluding tips) during a performance date as follows:

**A. Premium Compensation.** For any Performer who is ON SCHEDULE, **Owner shall collect and retain up to the first $120.00 in Gross Revenues, and thereafter, Performer shall retain 100% of the Gross Revenues from Main Floor performances and 80% of the Gross Revenues from VIP and Champagne Room performances.**

**B. Standard Compensation.** For any Performer who is NOT ON SCHEDULE BUT IN GOOD STANDING **Owner shall collect and retain up to the first $140.00 in Gross Revenues, and thereafter, Performer shall retain 100% of the Gross Revenues from Main Floor performances and 80% of the Gross Revenues from VIP and Champagne Room performances.**

**C. Reduced Compensation.** For any Performer who is NOT ON SCHEDULE AND NOT IN GOOD STANDING, **Owner shall collect and retain up to the first $240.00 in Gross Revenues, and thereafter, Performer shall retain 100% of the Gross Revenues from Main Floor performances and 80% of the Gross Revenues from VIP and Champagne Room performances.**

**D.   No Compensation from Room Rentals.** Owner shall retain 100% of all room rental fees.

**NOTE: Owner may reduce the amount it retains from dance sales based on scheduling or promotional concerns.**

I AGREE TO THESE TERMS

Manager/Assistant Manager                      Performer Name _____

Signature _____                     Signature _____

DATE: _____                        DATE: _____

Est71211                                3