DocuSign Envelope ID: 7FE4DCD6-0877-4CE1-A32A-00443EF4C70D

SHANNON LISS-RIORDAN (State Bar No. 310719)
sliss@llrlaw.com
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone:   (617) 994-5800

MICHAEL L. FREEDMAN (State Bar No. 262850)
mfreedman@llrlaw.com
MATTHEW D. CARLSON (State Bar No. 273242)
mcarlson@llrlaw.com
LICHTEN & LISS-RIORDAN, P.C.
466 Geary St., Suite 201
San Francisco, CA 94102
Telephone:   (415) 630-2651

Attorneys for Objector Angelynn Hermes

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE ROES 1-2, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SFBSC MANAGEMENT, LLC; and DOES 1-200,<br><br>Defendants | Case No.: 14-cv-03616-LB<br><br>**DECLARATION OF ANGELYNN HERMES IN SUPPORT OF OBJECTION TO PROPOSED CLASS ACTION SETTLEMENT** |

DECLARATION OF ANGELYNN HERMES IN SUPPORT OF OBJECTION TO PROPOSED CLASS ACTION SETTLEMENT

I, Angelynn Hermes, declare as follows:

1. I am a named plaintiff and proposed class representative in the <u>Hughes, et al. v. S.A.W Entertainment, Ltd. d/b/a/ Larry Flynt's Hustler Club, et al.</u>, N.D. Cal. No. 16-3371. I have personal knowledge of all facts stated in this Declaration and, if called to testify as a witness, I could and would competently testify thereto.

2. I worked as an exotic dancer at Larry Flynt's Hustler Club ("Hustler Club") from August 2013 to June 2015.

3. After filing the <u>Hughes</u> lawsuit, I learned that there was another lawsuit against a consulting company called SFBSC that was related to Hustler Club, Gold Club, and many of the other clubs in San Francisco.

4. I understand that the attorneys in the case against SFBSC have proposed a class action settlement on behalf of over 4,500 dancers at eleven clubs in San Francisco, including Hustler Club.

5. I understand that the proposed settlement provides a maximum cash recovery of $800 for a dancer who worked two years or more at the clubs. I feel that this number is ridiculously low for someone who worked for over two years. Because I worked less than two full years, I understand that I would only receive $700 under the proposed settlement, which is insignificant because over the time period that I worked at Hustler Club, I paid tens of thousands of dollars in dance fees, tip-outs, and other house fees to Hustler Club. I also understand that the settlement amounts proposed in the <u>SFBSC</u> case are a very small compared to what dancers have recovered in other cases brought by my lawyers and other law firms in cases across the country.

6. I understand that the <u>SFBSC</u> settlement purports to give dancers the "option," if they continue to work for the clubs, of becoming an "employee" as opposed to an "independent contractor."

7. Since at least 2013, dancers were always given the option to be an employee. I never heard of any dancer who chose to be an "employee" of Hustler Club, because the clubs make the financial terms less favorable for anyone who is an employee. As a result, the

1

DECLARATION OF ANGELYNN HERMES IN SUPPORT OF OBJECTION TO PROPOSED
CLASS ACTION SETTLEMENT

DocuSign Envelope ID: 7FE4DCD6-0877-4CE1-A32A-00443EF4C70D

"employee option" presented in the SFBSC settlement does not provide any new relief, and the option remains meaningless because the guarantee of only minimum wage and then some portion of dance fees over $150 is nearly identical to the "employment" offer provided in the prior agreements, which no one selected because they would have to give a much larger portion of their dance fees to the clubs.

8.  Further, the portion of the proposed SFBSC settlement that gives dancers coupons or credits to use toward future dance fees is meaningless to many dancers, including myself, who no longer work at the clubs. I also have serious concerns that current dancers will not select this option given the fear of retaliation and the stigma attached to anyone who participates in a lawsuit. In addition, the SFBSC settlement does not provide any guarantee that the clubs will not change the fee structure, alter the dance fee percentages, or assess other fines against dancers who use the "dance fee credits," and through any of these policy changes the clubs could easily recoup the full value of the "credit," and render the recovery completely meaningless.

9.  Because the proposed SFBSC settlement does not provide any significant relief to the current and former dancers of Hustler Club, I strongly believe that my co-workers should be given the clear option of pursuing their claims in the Hughes case directly against the clubs, as opposed to accepting the small amount of money available in the proposed settlement in the case against SFBSC. If this option was clearly presented to the dancers, I believe that many of them would choose to join the Hughes case and decline to accept the small amount of money offered in the SFBSC case.

10. On the other hand, if dancers are not told about the opportunity to participate in the Hughes case that has already been filed directly against Hustler Club, I think that many of them will just submit claim forms in the SFBSC case to obtain a few hundred dollars because they will assume that is the most they could ever hope to get, even though this amount is much less than what dancers usually recover in cases like this.

11. I understand that one of the claims in the SFBSC case is that the dancers seek unpaid minimum wage under federal and state law for all hours that they spent performing at the

1  clubs.  Hustler Club required dancers to schedule three shifts per week.  Dancers' shifts were
2  approximately eight hours long.
3      12.    I estimate that at Hustler Club alone, approximately 75-80 dancers performed this
4  same schedule on a weekly basis.
5      13.    I estimate that on Friday night and Saturday night, as many as fifty dancers would
6  work at a time.  During the other night shifts (Sunday-Thursday), at least twenty dancers worked
7  at a time, and during day shifts at least eight dancers were working on any given day.
8      14.    Throughout 2014, I paid approximately $135 in "dance fees" back to the club for
9  each shift that I worked, approximately $30 per shift for the house fee and other fees and
10 penalties assessed by the club (which varied depending on when dancers started their shift or how
11 much money the club through the dancer had earned), and approximately $60 per shift in required
12 tip-outs to the DJ, valet, and House Mom.  For each shift that we worked, dancers lost over $200
13 from their earnings through these required fees and tip-outs.
14     I declare under penalty of perjury and the laws of the State of California and the United
15 States of America that the foregoing is true and correct and that this declaration was signed at San
16 Francisco, California, on 3/22/2017 | 3:23 PM EDT _____.



DocuSigned by:
3C932C42B5F440A...

ANGELYNN HERMES

3
DECLARATION OF ANGELYNN HERMES IN SUPPORT OF OBJECTION TO PROPOSED CLASS ACTION SETTLEMENT