SHANNON LISS-RIORDAN (State Bar No. 310719)
sliss@llrlaw.com
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone:   (617) 994-5800

MICHAEL L. FREEDMAN (State Bar No. 262850)
mfreedman@llrlaw.com
MATTHEW D. CARLSON (State Bar No. 273242)
mcarlson@llrlaw.com
LICHTEN & LISS-RIORDAN, P.C.
466 Geary St., Suite 201
San Francisco, CA 94102
Telephone:   (415) 630-2651

Attorneys for Objector Sarah Murphy

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| JANE ROES 1-2, on behalf of themselves and all others similarly situated, | Case No.: 14-cv-03616-LB |
|---|---|
| Plaintiffs, | **DECLARATION OF SARAH MURPHY IN SUPPORT OF OBJECTION TO PROPOSED CLASS ACTION SETTLEMENT** |
| v. | |
| SFBSC MANAGEMENT, LLC; and DOES 1-200, | |
| Defendants | |

I, Sarah Murphy, declare as follows:

1. I am a named plaintiff and proposed class representative in the <u>Pera v. S.A.W. Entertainment, Ltd. d/b/a Condor Gentlemen's Club</u>, 3:16-cv-00138-LB (N.D. Cal.). I have personal knowledge of all facts stated in this Declaration and, if called to testify as a witness, I could and would competently testify thereto.

2. I performed as an exotic dancer at Condor Gentlemen's Club ("Condor Club") from October 2013 to February 2015.

3. Before filing the <u>Pera</u> lawsuit, I learned that there was another lawsuit against a consulting company called SFBSC that was related to Condor Club and many of the other adult entertainment clubs in San Francisco.

4. I understand that a proposed settlement has been reached in the case against SFBSC. I understand that the settlement covers over 4,500 dancers who worked at eleven clubs in San Francisco, including Condor Club.

5. I understand that the proposed settlement provides a maximum cash recovery of $800 for a dancer who worked two years or more at the clubs. I also understand because I worked for about 17 months, I would receive only $700 from the settlement. I feel that $700 is an incredibly small payment for the amount of hard work I performed at Condor Club. For nearly the entire time I performed at Condor Club, I worked 3 to 4 days a week. I almost never took any breaks. In addition to the many thousands of dollars I paid to the club in dance fees, tip-outs, and other house fees, I provided services that earned the club a lot of money. Multiple times I helped convince customers who were disappointed with other performers to stay and ultimately come back to the Condor Club.

6. I understand that part of the SFBSC settlement provides dancers with a choice to receive "coupons" for discounts on future dance fees. This option is completely useless to me because I do not plan or want to perform at the Condor Club at any time in the future.

1
DECLARATION OF SARAH MURPHY IN SUPPORT OF OBJECTION TO PROPOSED
CLASS ACTION SETTLEMENT

7. I have also been informed that payments to dancers in the SFBSC settlement are much smaller than what dancers have received in other cases brought by my lawyers and other law firms in cases across the country.

8. In light of the small benefits that the settlement would provide to other dancers and me, I am opposed to the settlement and do not think that it should be approved.

9. Because the proposed SFBSC settlement does not provide real relief to the current and former dancers of Condor Club, I strongly believe that my co-workers should be given the clear option of pursuing their claims in the Pera case directly against the clubs, as opposed to accepting the small amount of money available in the proposed settlement in the case against SFBSC. If dancers knew how bad the SFBSC settlement was and how they might be able to do much better as part of the Pera case, I think many of them would choose to join the Pera case and not join the SFBSC case.

10. On the other hand, if dancers are not told that they could be part of the Pera case, I think that many of them will just submit claim forms in the SFBSC case to obtain a few hundred dollars because they will assume that is the best they could do.

11. I understand that one of the central claims in the SFBSC case and my case against Condor Club is that the dancers seek unpaid minimum wage under federal and state law for all hours that they spent performing at the clubs. I estimate that at Condor Club alone, approximately 30 dancers performed four shifts per week in an average week, for a total of 120 shifts per week. The club required that dancers perform at least two or three times a week, but many dancers performed more frequently than that. The average shift was eight hours long.

I declare under penalty of perjury and the laws of the State of California and the United States of America that the foregoing is true and correct and that this declaration was signed at Oakland, California, on March 23, 2017.

DocuSigned by:

_____
7F59A94436ED4CB...

SARAH MURPHY

2
DECLARATION OF SARAH MURPHY IN SUPPORT OF OBJECTION TO PROPOSED CLASS ACTION SETTLEMENT