**THE TIDRICK LAW FIRM**
STEVEN G. TIDRICK, SBN 224760
JOEL B. YOUNG, SBN 236662
2039 Shattuck Avenue, Suite 308
Berkeley, California 94704
Telephone: (510) 788-5100
E-mail: sgt@tidricklaw.com
E-mail: jby@tidricklaw.com

Attorneys for Plaintiffs

DOUGLAS J. MELTON
SHANE M. CAHILL
**LONG & LEVIT LLP**
465 California Street 5th Floor
San Francisco, California 94104
Telephone: (415) 397-2222
Email: dmelton@longlevit.com
Email: scahill@longlevit.com

Attorneys for Defendant
SFBSC Management, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JANE ROES 1-2, on behalf of themselves and all others similarly situated,

Plaintiff,

v.

SFBSC MANAGEMENT, LLC; and DOES 1-200,

Defendants.

Case No. 3:14-cv-03616-LB

**DECLARATION OF AMANDA MYETTE FOR RUST CONSULTING, INC.**

I, Amanda Myette, declare as follows:

1. I am a Senior Project Manager for Rust Consulting, Inc. ("Rust"). My business address is 625 Marquette Avenue, Suite 900, Minneapolis, Minnesota 55402-2469. My telephone number is (612) 359-2022. I am over twenty-one years of age and am authorized to make this declaration on behalf of Rust and myself.

2. Rust has extensive experience in class action matters, having provided services in class action settlements involving antitrust, securities fraud, property damage, employment discrimination, employment wage and hour, product liability, insurance and consumer issues. We have provided notification and/or claims administration services in more than 6,000 cases. Of these, more than 2,300 were Labor & Employment cases.

3. Rust was engaged by Counsel for the Plaintiffs and Counsel for the Defendants (collectively the "Parties") to provide notification services in the *Jane Roes 1-2 v. SFBSC Management, LLC* Settlement ("Settlement"). Duties included: a) preparing, printing and mailing of the *Class Action/Collective Action Settlement Notice* ("Notice") and *FLSA Claim Form* ("Claim Form") (collectively known as the "Class Notice"); b) receiving and reviewing Claim Forms submitted by Class Members; c) tracking of written requests for exclusion and statements of objection; d) drafting and mailing Settlement checks to Cash Payment Claimants; and e) for such other tasks as the Parties mutually agree or the Court orders Rust to perform.

4. Rust obtained a mailing address of Roe v SFBSC Management LLC Class Action, c/o Rust Consulting, Inc. – 5670, PO Box 2396, Faribault, Minnesota 55021-9096 to receive Claim Forms, written requests for exclusion, statements of objection, undeliverable Class Notices and other communications regarding the Settlement.

5. Rust obtained a toll-free telephone number of (877) 906-1595 for Class Members to call with questions regarding the Settlement.

6. A Website was created and a web address was included in the Class Notice for viewing, downloading and/or printing the Notice, Claim Form, Second Amended Collective and Class Action Complaint, and Class Action Settlement Agreement and Release, in order for Class

Members to obtain information about the proposed Settlement. The web address, which was included in the Class Notice, is www.SFBSC-Settlement.com.

7. On or about April 20, 2017, Rust received text for the Notice and Claim Form from Counsel. A draft of the formatted Class Notice was prepared by Rust and approved by the Parties.

8. On or about April 28, 2017, Counsel for the Defendants provided Rust with a mailing list containing the Class Member's names and last known mailing addresses (the "Class List"). The Class List contained data for 4,681 potential Class Members.

9. The mailing addresses contained in the Class List were processed and updated utilizing the National Change of Address Database ("NCOA") maintained by the U.S. Postal Service. The NCOA contains requested changes of address filed with the U.S. Postal Service. In the event that any individual had filed a U.S. Postal Service change of address request, the address listed with the NCOA would be utilized in connection with the mailing of the Class Notice.

10. On May 4, 2017, Class Notices were mailed to 4,681 Class Members contained in the Class List via First Class mail. The Class Notice advised Class Members that they could submit a Claim Form, written request for exclusion or statement of objection postmarked by July 3, 2017.

11. As of this date, 1,546 Class Notices have been returned as undeliverable for the first time on or before the July 3, 2017 postmark deadline. Of the 1,546 Class Notices returned as undeliverable, Rust performed 1,546 address traces on Class Notices returned as undeliverable for the first time. The address trace utilizes the Class Member's name, previous address and Social Security Number for locating a current address. Of the 1,546 traces performed, 1,167 more current addresses were obtained and Class Notices were promptly re-mailed to those Class Members via First Class mail. Of the 1,546 undeliverable Class Notices, Rust obtained an updated address from four (4) Class Members via the telephone number set up for the Settlement and Rust promptly re-mailed the Notices to the four (4) Class Members via First Class Mail. Of the 1,546 traces performed, Rust did not obtain updated addresses for 375 undeliverable Class Notices. Of the 1,167 Class Notices mailed to a more current address identified from trace, 185 Class Notices

were returned to Rust as undeliverable a second time. As of this date, 560 Class Notices remain undeliverable.

12. As of this date, 15 Class Notices were returned by the Post Office with forwarding addresses attached. Rust promptly re-mailed Class Notices to those Class Members via First Class mail.

13. As of August 2, 2017, Rust had received 852 Claim Forms (in other words, from 18.2% of the Settlement Class). Of the 852 Claim Forms submitted, 778 were submitted requesting a Cash Payment and 74 were submitted requesting a Dance Fee Payment. The statistics in this paragraph do not exclude any of the Claim Forms received by that date as being untimely. Following the deductions of attorney fees and costs ($954,884.21), payments to Jane Roe 1 and Jane Roe 2 ($50,000), payments to Jane Roe 3, Jane Roe 10, Jane Roe 11, Jane Roe 12, Jane Roe 13 and Jane Roe 22 ($21,000), payment to Rust Consulting, Inc. ($35,000), payment to the LWDA ($75,000) and $25,000 to be distributed equally to Cash Payment Claimants and Dance Fee Payment Claimants, $839,115.79 will be available to pay the Cash Payment Claimants. On average this results in a payment to each of $1,078.56. More specifically, and based on the responses on the Claim Forms for the Cash Payment Claimants the following is true: Those that had fewer than 6 Performance Months will each receive $662.42, those that had between 6 and 11 Performance Months will each receive $952.03, those that had between 12 and 23 Performance Months will each receive $1,332.84, and those that had 24 or more Performance Months will each receive $1,523.24. The Dance Fee Payment Claimants have claimed $370,000 of the $1,000,000 Dance Fee Payment Pool, and will receive on average $5,000, which leaves the remainder of the Dance Fee Payment Pool, $630,000, available to be claimed by class members in the future. In addition to the payments described above, each Cash Payment Claimant and Dance Fee Payment Claimant will receive an additional $29.34, as a result of the distribution of the $25,000 amount.

14. As of August 22, 2017, Rust had received 865 Claim Forms (in other words, from 18.5% of the Settlement Class). Of the 865 Claim Forms submitted, 790 were submitted requesting a Cash Payment and 75 were submitted requesting a Dance Fee Payment. The statistics in this paragraph do not exclude any of the Claim Forms received by that date as being untimely.

Following the deductions of attorney fees and costs ($954,884.21), payments to Jane Roe 1 and Jane Roe 2 ($50,000), payments to Jane Roe 3, Jane Roe 10, Jane Roe 11, Jane Roe 12, Jane Roe 13 and Jane Roe 22 ($21,000), payment to Rust Consulting, Inc. ($35,000), payment to the LWDA ($75,000) and $25,000 to be distributed equally to Cash Payment Claimants and Dance Fee Payment Claimants, $839,115.79 will be available to pay the Cash Payment Claimants. On average this results in a payment to each of $1,062.17. More specifically, and based on the responses on the Claim Forms for the Cash Payment Claimants the following is true: Those that had fewer than 6 Performance Months will each receive $656.59, those that had between 6 and 11 Performance Months will each receive $937.98, those that had between 12 and 23 Performance Months will each receive $1,313.17, and those that had 24 or more Performance Months will each receive $1,500.77. The Dance Fee Payment Claimants have claimed $370,000 of the $1,000,000 Dance Fee Payment Pool, and will receive on average $4,933.33, which leaves the remainder of the Dance Fee Payment Pool, $630,000, available to be claimed by class members in the future. In addition to the payments described above, each Cash Payment Claimant and Dance Fee Payment Claimant will receive an additional $28.90, as a result of the distribution of the $25,000 amount.

15. As of August 22, 2017, Rust has received 14 written requests for exclusion. The following individuals submitted those requests: Jane Roe 4284, Jane Roe 3485, Jane Roe 536, Jane Roe 1891, Jane Roe 4738, Jane Roe 2068, Jane Roe 4313, Jane Roe 4656, Jane Roe 1292, Jane Roe 1961, Jane Roe 2275, Jane Roe 4648, Jane Roe 377, and Jane Roe 4475. Of the written requests for exclusion received, all 14 are considered complete and timely.

16. As of August 22, 2017, Rust has received zero (0) statements of objection.

17. The total cost for the administration of this Settlement, including fees incurred and future costs for completion of the administration is estimated to be $35,000.

18. Attached hereto as **Exhibit A** is a true and correct copy of the Class Notice.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 24th day of August 2017, at Minneapolis, MN.

AMANDA MYETTE

ROE V SFBSC MANAGEMENT LLC CLASS ACTION
C/O RUST CONSULTING INC - 5670
PO BOX 2396
FARIBAULT MN 55021-9096

FOR OFFICIAL USE ONLY

**Exhibit A**

**IMPORTANT LEGAL MATERIALS**

*CLMNTIDNO* -UAA-Jane Roe <<INT_1>> - <<SequenceNo>>

<<Name1>>
<<Address1>>
<<Address2>>
<<City>> <<State>> <<Zip10>>
<<CountryName>>

☐ If the pre-printed information to the left is not correct or if there is no pre-printed information, please check the box and complete the information below:

Name: ______________________________

Address: ______________________________

City: ______________________________

State: ___ ___ Zip Code: ___ ___ ___ ___ ___

# FLSA CLAIM FORM

*Jane Roes 1-2 v. SFBSC Management, LLC*
United States District Court for the Northern District of California
Case No. 3-14-CV-03161 LB

## OVERVIEW

As the result of a settlement of the class-action referenced above, you have the option to make a claim for a one-time **Cash Payment** of between $350.00 and $800.00 depending on the number of months you performed between August 8, 2010 and April 14, 2017. Depending on the number of people who make a claim for a Cash Payment, you may receive more or less.

Alternatively, you may elect to receive future **Dance Fee Payments** for 100% of your total dance sales on future performance dates. The amount in Dance Fee Payments to which you would be entitled would depend on the number of people who make such claims, but the most you would be entitled to receive in Dance Fee Payments is $5,000 at the Nightclub where you primarily perform and $3,000 at one other Nightclub where you perform. If you elect to receive a Dance Fee Payment, you will be paid 100% of your dance sales up to the maximum amount authorized by the Settlement Agreement rather than the percentage of sales stated in your Performer Contract.

You may not claim both a Cash Payment and Dance Fee Payment. If you initial below to receive both a Cash Payment and Dance Fee Payment, or if you complete both Section 2 and Section 3 of this form, you will receive a Cash Payment only.

## ELECTION TO RECEIVE EITHER A CASH PAYMENT OR DANCE FEE PAYMENTS

If you wish to receive a one-time **Cash Payment**, initial here ______ and complete **Section 1 and 2** only.

If you wish to receive a future **Dance Fee Payment**, initial here ______and complete **Section 1 and 3** only.

In order to make a claim for either a one-time Cash Payment or future Dance Fee Payments, you must provide all of the information requested and return this form, postmarked no later than **July 3, 2017**, to the Settlement Administrator at:

Roe v SFBSC Management, LLC Class Action
c/o Rust Consulting, Inc. - 5670
PO Box 2396
Faribault, MN 55021-9096

Forms postmarked after that date will not be accepted and you will receive nothing.

## CLAIMANT INFORMATION – SECTION 1

If you are making a claim for either a Cash Payment or Dance Fee Payment, complete this section.

1. Name: ______________________________
2. Phone number: ( ___ ___ ___ ) ___ ___ ___ - ___ ___ ___ ___
3. E-mail address: ______________________________
4. Social Security Number: ___ ___ ___ - ___ ___ - ___ ___ ___ ___
5. Stage Name(s): ______________________________





 ## CASH PAYMENT INFORMATION – SECTION 2

If you are making a claim for a one-time Cash Payment, check the box next to the name of each Nightclub where you performed between August 2010 and April 2017 and, next to each Nightclub name, specify the months when you performed at that Nightclub (e.g., if you performed at Hungry I in April, May and June of 2012, check the box next to Hungry I and write "4/12, 5/12, 6/12" on the adjacent line).

☐ Hungry I ______________________________

☐ Centerfolds ______________________________

☐ Roaring 20's ______________________________

☐ Garden of Eden ______________________________

☐ Larry Flynt's Hustler Club ______________________________

☐ Little Darlings ______________________________

☐ Gold Club ______________________________

☐ New Century Theatre ______________________________

☐ Showgirls ______________________________

☐ Condor Gentleman's Club ______________________________

If you do not remember the specific months when you performed, your Cash Payment amount will be calculated based either on your estimates or, if disputed, then on the Nightclub's records. If you have actual receipts from the dates you performed, submit those with this Claim Form, and the Settlement Administrator will use this information to verify your benefits pursuant to the terms of the Settlement Agreement.

## DANCE FEE PAYMENT – SECTION 3

If you are making a claim for Dance Fee Payments, identify your Primary Nightclub and (if appropriate) Secondary Nightclub below.

<u>Primary Nightclub</u>: On the line below, identify one of the ten Nightclubs above with which you presently have a valid performer contract and which you would like to designate as your primary Nightclub where you may retain up to $5,000 in Dance Fee Payments that would otherwise be owned by the Nightclub.

______________________________

<u>Secondary Nightclub</u>: On the line below, identify one of the ten Nightclubs above with which you presently have a valid performer contract and which you would like to designate as your secondary Nightclub where you may retain up to $3,000 in Dance Fee Payments that would otherwise be owned by the Nightclub.

______________________________

To redeem your Dance Fee Payments, you must schedule a Date of Performance at either your primary or secondary Nightclub and notify the Nightclub of your intent to retain your Dance Fee Payment at least three (3) business days before you perform in order to allow the Nightclub time to confirm your entitlement to the Dance Fee Payment.

**<u>Tax Advisory</u>**: An IRS Form 1099-MISC may be issued to you for the amount of the Cash Payment or Dance Fee Payment issued to you. You are responsible for obtaining your own tax advice and paying any taxes incurred as a result of the payment.

**I have read this form, understand it, and declare that above information is true and correct to the best of my knowledge.**

By executing this form, I consent to join the collective action known as *Roe et al. v. SFBSC Management, LLC, et al.*, United States District Court Case No. 3:14-cv-03616-LB.

SIGNATURE: ______________________________ DATE: ____ / ____ / ________

# CLASS ACTION/COLLECTIVE ACTION SETTLEMENT NOTICE

*Jane Roes 1-2 et al. v. SFBSC Management, LLC, et al.*
United States District Court for the Northern District of California
Case No. 3:14-cv-03616-LB

**YOU MAY BE ENTITLED TO RECEIVE MONEY UNDER A PROPOSED SETTLEMENT**
**THIS NOTICE MAY AFFECT YOUR RIGHTS**
**PLEASE READ THE ENTIRE NOTICE CAREFULLY**

*A court authorized this notice. This is not a solicitation.*
*This is not a lawsuit against you and you are not being sued.*
*However, your legal rights are affected whether you act or not.*

<<Name1>>
<<Name2>>
<<Name3>>
<<Name4>>
<<Address1>>
<<Address2>>
<<City>> <<State>> <<Zip10>>
<<CountryName>>

**DO NOT CONTACT THE COURT REGARDING THIS MATTER**

**TO: ALL PERSONS WHO, DURING THE TIME PERIOD FROM AUGUST 8, 2010, THROUGH APRIL 14, 2017, HAVE PERFORMED AS EXOTIC DANCERS AT ONE OR MORE OF THE FOLLOWING NIGHTCLUBS IN SAN FRANCISCO, CALIFORNIA, PURSUANT TO A DANCER CONTRACT: HUNGRY I; CENTERFOLDS; ROARING 20'S; GARDEN OF EDEN; LARRY FLYNT'S HUSTLER CLUB; LITTLE DARLINGS; GOLD CLUB; NEW CENTURY; THE PENTHOUSE CLUB (FORMERLY KNOWN AS SHOWGIRLS); CONDOR GENTLEMAN'S CLUB.**

You are receiving this Notice because the records of the Nightclubs listed above indicate that you are entitled to participate in this class action/collective action Settlement. The purpose of this Notice is to provide a brief description of the claims alleged in the case, inform you about the proposed Settlement, and advise you of your rights and options with respect to the Settlement.

To claim your share of the Settlement, you must complete, sign, and date the "FLSA Claim Form" that is enclosed with this notice, and submit it to the Settlement Administrator postmarked by **July 3, 2017.** If you do not submit the FLSA Claim Form, you may receive no settlement payment, but you will still be bound by the settlement unless you take action to exclude yourself in the manner described in this Notice.

***WHY IT IS IMPORTANT TO READ THIS NOTICE:***

The United States District Court for the Northern District of California has approved the sending of this Notice regarding the proposed settlement of this class action/collective action (called the "Action") against SFBSC Management, LLC and the various other entities described in this Notice.

Because your rights may be affected by this Settlement, it is extremely important that you read this Class Action/Collective Action Settlement Notice (called the "Notice") carefully.

The records of the Nightclubs listed above show that you performed as an exotic dancer at one or more of the Nightclubs pursuant to a dancer contract during the time period from August 8, 2010, through April 14, 2017. Therefore, you are a "Settlement Class Member" in this Action.

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT (SEE PAGE 7-8 FOR MORE DETAILS) | |
|---|---|
| SUBMIT AN **FLSA** CLAIM FORM | You may complete, sign, and date the FLSA Claim Form that is enclosed, as described below. You may choose to receive either a one-time check or Dance Fee Payments. The FLSA Claim Form describes both of those options in more detail. You may also be eligible to participate in the changes to the Defendants' business practices described herein. You will release all claims brought in this Action or that could have been pleaded based upon the factual allegations set forth in this Action. |

| | |
|---|---|
| Do Nothing | If you do nothing, you will remain a part of the case. You will not release federal law claims under the Fair Labor Standards Act ("FLSA") but you will still release state law claims unless you exclude yourself from the class. Depending on the extent to which funds available for Dance Fee Payments have been claimed by individuals who submit FLSA Claim Forms, you may or may not have a future opportunity to submit a Residual Dance Fee Payment Claim Form to claim Dance Fee Payments. You may also be eligible to participate in the changes to the Defendants' business practices described herein. |
| Exclude Yourself | You may exclude yourself from the Settlement by submitting a letter as described below. If you request to be excluded, you will not be releasing any claims, except that claims for certain penalties authorized under the California Private Attorney's General Act ("PAGA") claims will be released regardless of whether you exclude yourself or not. If you exclude yourself, you may not object to the Settlement. |
| Object | You can object to the Settlement as described below, and ask the Court to deny the Settlement. If you submit a timely objection, you may also appear at the Final Approval Hearing, either in person or through your own attorney. If you submit an objection, you do not need to come to Court to discuss it. So long as it is a timely and valid objection, the Court will consider it. You cannot object to the Settlement if you have excluded yourself from the Settlement. |

**Table of Contents**

**WHAT THE CASE IS ABOUT** .......... 3
**THE PARTIES AND THE ATTORNEYS IN THIS CASE** .......... 3
**THE SETTLEMENT** .......... 4
Gross Amount of the Settlement .......... 4
Distribution of the Settlement Funds .......... 4
*Cash Claims & Payments* .......... 4
Performance Month .......... 4
First Tier Cash Pool .......... 4
Second Tier Cash Pool .......... 5
Enhancement Payments .......... 5
The PAGA Payment .......... 5
Administrative Costs .......... 5
Attorney's Fees and Expenses .......... 5
*Dance Fee & Residual Dance Fee Payments* .......... 5
Dance Fee Payment Pool .......... 5
Residual Dance Fee Payment Pool .......... 6
The "Dance Fee Payment Redemption Period" .......... 6
*Changed Business Practices* .......... 6
Enhanced Offer of Employee Status .......... 6
IPE Guaranteed Average Earnings .......... 6
**RELEASES OF CLAIMS** .......... 7
Settlement Class Members' Released Claims .......... 7
FLSA Claimants' Released Claims .......... 7
**WHAT TO DO IN RESPONSE TO THIS NOTICE** .......... 7
Submit an FLSA Claim Form .......... 7
Do Nothing .......... 8
Exclude Yourself .......... 8
Object .......... 8
**FINAL APPROVAL HEARING ON PROPOSED SETTLEMENT** .......... 8
**CLASS COUNSEL RECOMMEND THE SETTLEMENT** .......... 8
**HOW TO OBTAIN ADDITIONAL INFORMATION** .......... 9

### *WHAT THE CASE IS ABOUT:*

The United States District Court for the Northern District of California is presiding over a lawsuit known as *Jane Roes 1-2 et al. v. SFBSC MANAGEMENT, LLC, et al.*, United States District Court for the Northern District of California, Case No. 3:14-cv-03616-LB (the "Action"). The Plaintiffs are individuals who have worked at one or more of the Nightclubs listed on the first page of this Notice (referred to in this Notice as the "Nightclubs") during the time period from August 8, 2010, through April 14, 2017 pursuant to a dancer contract. The Defendants are SFBSC Management, LLC; Chowder House, Inc.; Déjà Vu San Francisco, LLC; SF Roaring 20's, LLC; SF Garden of Eden, LLC; SAW Entertainment, Ltd.; Déjà Vu Showgirls of San Francisco, LLC; Gold Club-SF, LLC; Bijou-Century, LLC; and BT California, LLC (collectively, "Defendants"). Plaintiffs allege that the Defendants are responsible for alleged violations of law at the Nightclubs. Defendants have denied any wrongdoing of any kind with respect to the Action and assert that they have complied with all applicable laws at all times.

Through the Action, Plaintiffs have alleged claims against Defendants for: (1) failure to pay minimum wages and overtime wages in violation of the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*; (2) failure to pay straight time for hours worked in violation of California Labor Code §§ 1194, 1194.2, 1197, 1197.1, 1198 and IWC Wage Order Nos. 4, 5, and/or 10; (3) failure to pay minimum wage for all hours worked in violation of the San Francisco Minimum Wage Ordinance; (4) failure to pay overtime as required by California state law in violation of California Labor Code §§ 510, 558, 1194, and 1198 and Wage Order Nos. 4, 5 and/or 10; (5) failure to provide itemized wage statements in violation of California Labor Code § 226 and IWC Wage Orders; (6) waiting time penalties under California Labor Code §§ 201, 202, and 203, and seeking remedies pursuant to Labor Code §§ 203, 218, 218.5, and 218.6; (7) failure to pay all wages owed every pay period under California Labor Code § 204, and seeking remedies pursuant to Labor Code §§ 218, 218.5 and 218.6; (8) common law conversion; (9) failure to reimburse for expenses in violation of Cal. Labor Code §§ 450, 2802; (10) violation of California's Unfair Competition Law, Bus. & Prof. Code §§ 17200 *et seq.*; (11) for violation of several provisions of the California Labor Code for which Plaintiffs are seeking recovery of civil penalties under the Labor Code Private Attorneys General Act of 2004, California Labor Code § 2698 *et seq.* ("PAGA"), including but not limited to Labor Code §§ 201, 202, 204, 210, 223, 226, 226.3, 226.8, 245-249, 351, 353, 432.5, 450, 510, 558, 1174, 1194, 1194.2, 1194.5, 1197, 1197.1, 1198, 1199, 2753, 2802, 3700, 3700.5, 3712, 3715, and Wage Order Nos. 4, 5, and/or 10. Plaintiffs have sought various forms of relief, including but not limited to: wages, overtime pay, minimum wage, premium pay, penalties, interest, liquidated damages, attorneys' fees and costs, and equitable relief. Plaintiffs have claimed that the alleged violations of law occurred between August 8, 2010 and April 14, 2017 (a period of time referred to as the "Class Period").

If you wish to learn more details regarding the claims at stake in the Action, please review the Second Amended Collective and Class Action Complaint, which is available at www.tidrick.com/SFBSC-Settlement.

Plaintiffs have contended that this Action is suitable for class treatment. Defendants have vigorously denied that they violated any laws and has denied that they engaged in any wrongdoing. Defendants contend that they have complied with all applicable laws at all times and also dispute Plaintiffs' ability to maintain the case as a class action, arguing that, among other things, each of Plaintiffs' claims arise from very individualized and unique circumstances which would require numerous individualized inquiries.

In an effort to resolve their dispute, the parties mediated this case with the assistance of an impartial mediator appointed by the U.S. Court of Appeals for the Ninth Circuit, Peter Sherwood. The mediations resulted in this Settlement. The Court has not ruled on the merits of Plaintiffs' claims or Defendants' defenses. Although Defendants deny all of the Plaintiffs' allegations, deny that they violated the law, and deny that the Action should be maintained as a class action, they have chosen to resolve this matter based upon the terms and conditions set forth in the Settlement Agreement now before the Court for approval in order to avoid further expenditures of time and money litigating this matter. By entering into this Settlement, Defendants do not admit any liability or wrongdoing of any kind.

### *THE PARTIES AND THE ATTORNEYS IN THIS CASE:*

The Settlement Class is defined as all persons who, during the time period from August 8, 2010 through April 14, 2017, have performed as exotic dancers at one or more of the Nightclubs pursuant to a Dancer Contract, but does not include those who provide or who have provided services as "headliner" or "feature" performers unless such individual was otherwise a party to a Dancer Contract with a Nightclub. "Dancer Contract" means a contract entered into between a Settlement Class Member and a Nightclub, which permits the Settlement Class Member to engage in personal dance sales for remuneration at the Nightclub's premises. The Settlement Class is comprised of approximately 4,691 people.

The lead attorneys for the Settlement Class are:

The Tidrick Law Firm
Steven G. Tidrick, Esq.
Joel B. Young, Esq.
2039 Shattuck Avenue, Suite 308
Berkeley, CA 94704
Telephone: 510-788-5100

If you do not request exclusion (as explained later in this Notice), the lawyers above will represent you automatically. The Court has decided that the lawyers listed above, also known as "Class Counsel," are qualified to represent you and all Class Members. However, nothing prohibits you from consulting with or retaining your own attorney at your own personal expense.

*THE SETTLEMENT:*

The following is a summary of monetary terms of the proposed Settlement:

**1. Gross Amount of the Settlement**

Without admitting liability, and in full and final settlement of the Action, Defendants have agreed to make available total financial benefits of Five Million Dollars ($5,000,000.00) (the "Gross Settlement Value"). That amount includes the value of the First Tier Cash Pool ($2,000,000.00), the Second Tier Cash Pool (up to $1,000,000.00), the Dance Fee Payments and Residual Dance Fee Payments ($1,000,000.00), and the changes to the Defendants' business practices (estimated to confer benefits to class members in excess of $1,000,000.00). Defendants will be required to implement all the changed business practices specified in the Settlement Agreement, and confer upon Class Members the corresponding benefits associated with those changed business practices, even if the total monetary value of the corresponding benefits exceeds the Parties' estimates.

**2. Distribution of the Settlement Funds**

The following is a summary of how settlement funds will be distributed, if approved by the Court:

*Cash Claims & Payments*

a. Cash Payments: Cash Payments shall be calculated in accordance with the following Plan of Allocation, which shall be reduced on a *pro rata* basis if the First Tier Cash Pool and Second Tier Cash Pool (defined below) are depleted:

   i. $800.00 for Cash Payment Claimants who accrued 24 or more Performance Months during the Class Period;

   ii. $700.00 for Cash Payment Claimants who accrued between 12 and 23 Performance Months during the Class Period;

   iii. $500.00 for Cash Payment Claimants who accrued between 6 and 11 Performance Months during the Class Period; and

   iv. $350.00 for Cash Payment Claimants who accrued fewer than 6 Performance Months during the Class Period.

b. "Performance Month" means any month during the Class Period in which a Settlement Class Member had at least one Date of Performance at a Nightclub. At the end of the Claim Period, the Settlement Administrator shall furnish to Class Counsel a list of all Cash Payment Claimants who filed a Valid Claim for a Cash Payment and the number of their Performance Months claimed. Defendants, if they choose to contest the number of Performance Months claimed by a particular Cash Payment Claimant, shall request from the applicable Nightclub(s) a statement of the number of Performance Months reflected in the Nightclub's records to enable a determination to be made of the amount of the settlement funds to which the Cash Payment Claimant may be entitled, along with a print out of the supporting data upon which the Nightclub(s) rely. The Nightclub(s) shall furnish its (their) records to the Settlement Administrator within a maximum thirty (30) days of receiving the Class Member's claim information from the Settlement Administrator. The Settlement Administrator will thereafter be empowered to make a determination based on the record of the total number of disputed Performance Months.

c. First Tier Cash Pool: The sum of $2,000,000.00 will initially be made available by Defendants to provide cash compensation to those Settlement Class Members who elect to receive their Settlement in the form of a single monetary payment, and to pay the Attorneys' Fees and Expenses, the Enhancement Payments, the PAGA Payment, and the Administrative Costs. The sum of the First Tier Cash Pool remaining after subtracting the amount of Enhancement Payments, the PAGA Payment, and Administrative Costs shall be distributed to Settlement Class Members who have timely submitted Valid Claims for

Cash Payments. After payment of all Valid Claims for Cash Payments, Enhancement Payments, the PAGA Payment, and Administrative Costs, any monies that remain in the First Tier Cash Pool shall be allocated to the payment of Attorneys' Fees and Expenses. If, after payment of all Valid Claims for Cash Payments, and the payment of all Attorneys' Fees and Expenses, Enhancement Payments, the PAGA Payment, and Administrative Costs, any moneys remain in the First Tier Cash Pool, all such remaining sums shall be paid on a *pro rata* basis to the Cash Payment Claimants who submitted Valid Claims for Cash Payments in proportion to the amount they received pursuant to the Plan of Allocation described above. Should any amounts from the First Tier Cash Pool remain in the Escrow Account after sixty (60) days following the distribution of the balance of the Cash Payments for the benefit of the Settlement Class as described above (e.g., should any Cash Payment checks go uncashed), all such unclaimed funds shall be paid to the St. James Infirmary, or if that entity is not approved by the Court, The Impact Fund (a public interest law non-profit organization) or another appropriate recipient as approved by the Court.

d. Second Tier Cash Pool: If the sum of the Valid Claims for Cash Payments, Attorneys' Fees and Expenses, Enhancement Payments, the PAGA Payment, and Administrative Costs in combination exceed the amount of the First Tier Cash Pool, Defendants will fund a Second Tier Cash Pool in an amount equal to the amount that the sum of the Valid Claims for Cash Payments, Attorneys' Fees and Expenses, Enhancement Payments, the PAGA Payment, and Administrative Costs exceed the First Tier Cash Pool, up to a maximum of $1,000,000.00.

e. Enhancement Payments: The Court has the discretion to award enhancement payments to certain class members: To Jane Roe 1 and Jane Roe 2, no more than $5,000.00 each for their service and assistance to the Class, and no more than $20,000.00 each for broader general releases of claims; and to Jane Roe 3, Jane Roe 10, Jane Roe 11, Jane Roe 12, Jane Roe 13, and Jane Roe 22, no more than $3,500.00 each, for their service and assistance to the Class.

f. The PAGA Payment: Plaintiffs' PAGA Claims include an allegation that Defendants violated California Labor Code § 558, which Named Plaintiffs contend entitles them to recover, as a penalty under PAGA, unpaid wages on behalf of Class Members. Defendants' payment of the Cash Payments, Dance Fee Payments and Residual Dance Fee Payments resolve the PAGA Claims premised on California Labor Code §558. In addition, the sum of $100,000.00 will be paid out of the First Tier Cash Pool to resolve all PAGA Claims premised on other alleged Labor Code violations. From the PAGA Payment, seventy-five percent (75%), or $75,000.00, shall be paid to the LWDA as civil penalties pursuant to PAGA and twenty-five percent (25%), or $25,000.00, shall be distributed to Cash Payment Claimants and Dance Fee Payment Claimants in an equal amount to each Claimant

g. Administrative Costs: Defendants shall pay, out of the First Tier Cash Pool, $50,000.00 to the Settlement Administrator for the administrative costs of settlement, including but not limited to the preparation and copying of Class Notice, mailing of the Class Notice, and other administrative tasks. If Administrative Costs exceed $50,000.00, any additional monies for Administrative Costs shall be paid solely from the First Tier Cash Pool, and/or, as appropriate, out of the Second Tier Cash Pool. If Administrative Costs do not reach $50,000.00, the remaining amount of the Notice and Administration Fund shall revert to pay Cash Claims, Enhancement Payments, PAGA Payments, and/or Attorneys' Fees and Expenses as needed.

h. Attorneys' Fees and Expenses: The Court has the discretion to award Attorneys' Fees and Expenses to compensate Class Counsel for its fees, costs, and expenses incurred in connection with the Action, for which Defendants shall pay no more than $1,000,000.00.

*Dance Fee & Residual Dance Fee Payments*

a. Dance Fee Payment Pool: As an alternative to a Cash Payment Claim, Settlement Class Members may elect to receive a Dance Fee Payment. Settlement Class Member who elect to receive Dance Fee Payments will, as specified herein, be entitled to retain as her monetary compensation the Nightclub's percentage of Dance Fees (i.e., the mandatory, established, and published cost of personal entertainment performances engaged in by Entertainers at the Nightclubs for, and paid by, customers) that would otherwise be owned exclusively by the Nightclubs pursuant to the terms of the Dancer Contracts.

The Dance Fee Payment Pool shall consist of a total of $1,000,000.00 with each of the ten Nightclubs making $100,000.00 available to fund Dance Fee Payments to Dance Fee Payment Claimants who elect to receive a Dance Fee Payment and who designate that particular Nightclub on their FLSA Claim Form as either their Primary Nightclub or Secondary Nightclub. The Dance Fee Payment Pool will be divided by each Nightclub equally on a *pro rata* basis to Dance Fee Payment Claimants who submit a Valid Claim indicating their election to receive a Dance Fee Payment; provided, however, that the Dance Fee Payment may not exceed $5,000.00 per Dance Fee Claimant at the Nightclub she designates as her Primary Nightclub and may not exceed $3,000.00 per Dance Fee Claimant at the Nightclub she designates as her Secondary Nightclub.

    b. Residual Dance Fee Payment Pool: If the sum of Dance Fee Payment Claims described above equals a sum less than $100,000.00 at any Nightclub(s), such Nightclub(s) shall create a Residual Dance Fee Payment Pool that will consist of the difference between the sum of Dance Fee Payment Claims made to that Nightclub and $100,000.00. Claims for the Residual Dance Fee Payment Pool may be made on a claims-made basis during the Dance Fee Payment Redemption Period or until the Residual Dance Fee Payment Pool is exhausted, whichever occurs first.

Only settlement Class Members who do not submit an FLSA Claim Form may make a claim to the Residual Dance Fee Payment Pool. To do so, the Settlement Class Member must submit to the Nightclub a Properly Completed Residual Dance Fee Payment Claim Form (available from Management at the Nightclubs), which shall require the Settlement Class Member to acknowledge that during the Claim Period she did not submit an FLSA Claim Form for a Cash Payment or Dance Fee Payment pursuant to the Settlement Agreement. The Residual Dance Fee Payment Claim Form must be returned properly completed to a Nightclub in order for a Settlement Class Member to be entitled to obtain a Residual Dance Fee Payment.

c. The "Dance Fee Payment Redemption Period": Dance Fee Payments and Residuals Dance Fee Payments, if available, must be redeemed within two years immediately following the last occurrence of the following events: 1) the determination by the Settlement Administrator of the identity of Settlement Class Members who have filed Valid Cash Pool Claims or Dance Fee Payment Claims; 2) the expiration of the Opt-Out Period; 3) the Judgment becoming Final.

Pursuant to the Settlement, Cash Payment Claimants and Dance Fee Payment Claimants acknowledge and agree that neither Cash Payments nor Dance Fee Payments constitute "wages" within the meaning of § 3111(a) of the Internal Revenue Code, any other applicable provisions therein, or any applicable state tax or revenue code. Cash Payment Claimants and Dance Fee Payment Claimants shall be solely responsible for the timely payment in full of all federal, state, and municipal income taxes owed on the Cash Payments or Dance Fee Payments. Neither Class Counsel nor Defendants have made or make any representations concerning the tax consequences of the Settlement or participation in it. Nothing in this Notice or the Settlement is intended to be tax advice. You should consult your tax advisor for any tax issues pertaining to this Settlement.

*Changed Business Practices*

a. Enhanced Offer of Employee Status: Following the Judgment becoming Final, each Entertainer who continues to perform at a Nightclub, and each Person who applies to be able to Perform as an Entertainer at a Nightclub ("Entertainer Applicant"), shall be offered the opportunity to Perform either as an employee of the Nightclub or as an Independent Professional Entertainer ("IPE"). Management staff at the Nightclubs shall take no position as to, and shall not in any manner attempt to influence, the choice that an Entertainer or Entertainer Applicant should make.

The Nightclubs shall provide to the Entertainers and Entertainer Applicants an enhanced employment offer, which shall be as follows: (1) the Nightclub will place Entertainers who decide to become employees on its payroll, and pay them an hourly rate of $15.00; (2) such Entertainers shall be entitled to a commission of 20% on Entertainer's sales of private dances for all sales that exceed $150.00 per Date of Performance; (3) the Nightclub will provide such Entertainers one logo costume per month to wear while Performing; and (4) such Entertainers shall be entitled to all of the rights, benefits and privileges of, and subject to all of the obligations and policies that apply to, all other non-managerial Nightclub employees. Employee Entertainers shall be at-will employees and nothing in the Settlement Agreement shall preclude any Nightclub from terminating the employment of any Entertainer for any reason not prohibited by law.

b. IPE Guaranteed Average Earnings: The Nightclubs shall also provide to the Entertainers and Entertainer Applicants certain guaranteed average earnings for those Entertainers who select to Perform, or who select to continue to Perform, as IPE's. For a period of two years, Defendants will guarantee that such IPE Entertainers earn in Dance Fee payments from the Nightclub(s) at which they are Performing, a minimum of $14.00 per performance hour, such amounts being averaged over each preceding 30 day period (the "Pay Guarantee").

To effectuate such Pay Guarantee, the Nightclubs will process "Minimum Pay Guarantee Claim Forms," which shall be submitted by a claiming IPE Entertainer at the end of any month for which she claims payment of any shortfall in the Pay Guarantee. Minimum Pay Guarantee Claim Forms are to be accompanied by the Entertainer's contract pay receipts for the month she is claiming entitlement to a Pay Guarantee. Each Minimum Pay Guarantee Claim Form shall be evaluated by Defendants for accuracy, and on confirmation that the IPE Entertainer did not earn, on average, the amount of the Pay Guarantee during the past calendar month (30 day period), the applicable Nightclub shall pay her for such shortfall within 10 days of her claim. Minimum Pay Guarantee Claim Forms not accompanied by the Entertainer's receipts shall be reimbursed within 30 days of the submission of her Minimum Pay Guarantee Claim Form.

The description above is a summary. If you wish to review the details, please review the Settlement Agreement, which is available at: www.tidrick.com/SFBSC-Settlement

*RELEASES OF CLAIMS:*

Because this Action is a collective action under the Fair Labor Standards Act ("FLSA") and a class action under Rule 23, there are two sets of releases, which are summarized below.

(1) If you do not submit an FLSA Claim Form or a Residual Dance Fee Payment Claim Form, you will still be a part of the Settlement Class. If you are able to submit and redeem a claim for Residual Dance Fee Payments, you will also be a part of the Settlement Class. You may also be eligible to participate in the changes to the Defendants' business practices described herein. In either case, you will be bound by the Settlement as to state law claims, as summarized below in the section entitled "Settlement Class Members' Released Claims," unless you timely exclude yourself in the manner described in this Notice.

(2) If you submit an FLSA Claim Form or if you have already filed an FLSA opt-in notice in this Action, you are or will become a party plaintiff pursuant to Section 216(b) of the FLSA, and will be subject to the release summarized below in the section entitled "FLSA Claimants' Released Claims."

## 1. Settlement Class Members' Released Claims

If you do not submit an FLSA Claim Form and if you do not exclude yourself in the manner described below, you will release the following claims: Any and all Claims that are based on or reasonably related to the Claims asserted in the Action, including as is set forth in the Second Amended Collective and Class Action Complaint, which is available at www.tidrick.com/SFBSC-Settlement, with the exception of claims under the FLSA, and specifically including: (a) Claims for unpaid wages (including without limitation claims for minimum wage, regular wages, overtime, final wages, calculation of the correct overtime or regular rate, and meal period and rest period premiums), expense reimbursements, interest, and penalties (including waiting time penalties pursuant to California Labor Code section 203, wage statement penalties pursuant to California Labor Code section 226, and civil penalties pursuant to PAGA (California Labor Code section 2698 *et seq.*)); (b) Claims pursuant to California Labor Code sections 200-204, 206.5, 207, 208, 210-214, 216, 218, 218.5, 218.6, 221, 222.5, 223, 225.5, 226, 226.3, 226.7, 226.8, 227, 227.3, 245-249, 351, 353, 432.5, 450, 510, 512, 551-552, 558, 1174, 1174.5, 1182.12, 1194, 1194.2, 1194.3, 1197, 1197.1, 1198, 2698 *et seq.*, 2753, 2802, and 2804; (c) Claims pursuant to California Code of Civil Procedure section 1021.5; (d) Claims pursuant to California Code of Regulations, Title 8, sections 11010 and 11040; (e) Claims pursuant to Industrial Welfare Commission Wage Orders; (f) Claims under California Business and Professions Code sections 17200, et seq. and 17500; (g) Claims under California common law to recover any alleged tip or expense; (h) Claims pursuant to the San Francisco Minimum Wage Ordinance (Chapter 12R of the SF Admin. Code); (i) Claims for attorneys' fees and costs; (j) Claims of unfair business practices; and (k) All Claims, including common law claims, arising out of or related to the statutory causes of action described herein. The released claims do not include claims for personal injuries.

## 2. FLSA Claimants' Released Claims

If you submit an FLSA Claim Form or if you have already filed an FLSA opt-in notice in this Action, you will release all of the claims described in the above section entitled "Settlement Class Members' Released Claims," as well as any and all claims based on putative violations of, or related to the Claims asserted in this Action, or that could have been asserted in this Action, under the FLSA.

This is a summary of the releases. If you wish to review the releases in detail, please review the Settlement Agreement, which is available at: www.tidrick.com/SFBSC-Settlement

*WHAT TO DO IN RESPONSE TO THIS NOTICE:*

You have the options described below. Each option has its own consequences, which you should understand before making your decision. Your rights regarding each option, and the procedure you must follow to select each option, follow.

1. **Submit an FLSA Claim Form.** You may complete, sign, and date the FLSA Claim Form that is enclosed with this notice, and submit it to the Settlement Administrator postmarked by **July 3, 2017**. You may choose to receive either a one-time check or Dance Fee Payments. The FLSA Claim Form describes both of those options in more detail. You may also be eligible to participate in the changes to the Defendants' business practices described herein. You will release all claims brought in the Action or that could have been pleaded based upon the factual allegations set forth in the Action, as set forth more fully in the section of this notice entitled "FLSA Claimants' Released Claims."

2. **Do Nothing**. If you do nothing, you will remain a part of the case, and you will release claims under California law and the San Francisco Minimum Wage Ordinance that were brought in the Action or that could have been pleaded based upon the factual allegations set forth in the Action, as set forth more fully in the section of this notice entitled "Settlement Class Members' Released Claims." If and when the Court approves the Settlement and any and all appeals have been exhausted, you may or may not have a future opportunity to submit a Residual Dance Fee Payment Claim Form to claim Dance Fee Payments, depending on the extent to which funds available for Dance Fee Payments have been claimed by individuals who submit FLSA Claim Forms. You may also be eligible to participate in the changes to the Defendants' business practices described herein.
3. **Exclude Yourself**. You may exclude yourself from the Settlement by submitting a letter in accordance with the directions in this paragraph. This is the only option that could allow you to bring your own lawsuit or claim under California state law or the San Francisco Minimum Wage Ordinance, or to be a part of another lawsuit against Defendants making such claims; however, even if you exclude yourself, you and all other settlement class members will still be bound by a release of claims under the California Labor Code Private Attorneys General Act of 2004 codified at Labor Code § 2699 *et seq*. ("PAGA"). To exclude yourself from the Settlement, you must send a letter by mail that includes the words: "I request to be excluded from the SFBSC Settlement. I understand that I am still bound by the release of PAGA Claims upon the issuance of the Final Approval Order and Final Judgment." You must sign the letter and include your full name, address, and telephone number. Your letter must be **postmarked no later than July 3, 2017** and mailed to the Settlement Administrator at the address listed at the end of this Notice. If you request to be excluded in accordance with the directions in this paragraph, you will not be releasing any claims under California state law or the San Francisco Minimum Wage Ordinance, except for PAGA claims. ***If you exclude yourself, you may not object***. Excluding yourself is telling the Court that you don't want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the case no longer affects you.
4. **Object**. You can ask the Court to deny approval by filing an objection. You can't ask the Court to order a larger settlement; the Court can only approve or deny the settlement. If the Court denies approval, no settlement payments will be sent out, no settlement benefits will be provided by Defendants,and the lawsuit will continue. If that is what you want to happen, you must object. You may object to the proposed settlement in writing. You may also appear at the Final Approval Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for paying that attorney. All written objections and supporting papers must (a) clearly identify the case name and number (*Jane Roes 1-2 et al. v. SFBSC Management, LLC, et al.*, United States District Court for the Northern District of California, Case No. 3:14-cv-03616-LB), (b) be submitted to the Court either by mailing them to the Class Action Clerk, United States District Court for the Northern District of California, 450 Golden Gate Avenue, 16th Floor, San Francisco, CA 94102, or by filing them in person at any location of the United States District Court for the Northern District of California, and (c) be filed or postmarked on or before **July 3, 2017**. You may appear in Court to speak about the fairness of the Settlement only if you submit a timely written objection to the Settlement, your objection indicates your intent to speak at the hearing, AND you do not exclude yourself from the Settlement. Your testimony at the Fairness Hearing will be limited to those reasons that you include in your written objection. If you submit an objection, you don't have to come to Court to talk about it. As long as you submit a timely, valid written objection, the Court will consider it. If you exclude yourself from the Settlement, you may not object.

### *FINAL APPROVAL HEARING ON PROPOSED SETTLEMENT*

The Final Approval Hearing on the fairness and adequacy of the proposed Settlement, the plan of distribution, Settlement Class Counsel's request for attorneys' fees and costs, and the request for Enhancement Payments will be held on September 14, 2017, at 9:30 a.m., at the United States District Court for the Northern District of California, San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, California, 15th Floor, in Courtroom C. The Final Approval Hearing may be rescheduled to a different date, time, or location without further notice. It is not necessary for you to appear at this hearing, unless you have timely filed an objection to the Settlement and wish to be heard. The Court will not hear any objections at such hearing unless such objections have been timely submitted in writing as detailed in this Notice.

### *CLASS COUNSEL RECOMMEND THE SETTLEMENT:*

The settlement was reached with the assistance of an impartial mediator appointed by the U.S. Court of Appeals for the Ninth Circuit, Peter Sherwood. Class Counsel (the attorneys who were appointed by the Court to represent the Settlement Class) strongly recommend that you accept the Settlement. Defendants dispute all of the claims and have raised numerous defenses. In light of the substantial risk that you might receive less, or nothing at all, if the case proceeds to trial, Class Counsel believe that the Settlement is in your best interests, and is a reasonable compromise of disputed claims.

*HOW TO OBTAIN ADDITIONAL INFORMATION:*

This Notice only summarizes the class action lawsuit, the Settlement, and related matters. For the precise terms and conditions of the settlement, please see the settlement agreement available at www.tidrick.com/SFBSC-Settlement, by contacting class counsel at 510-788-5100, by accessing the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, 450 Golden Gate Avenue, 16th Floor, San Francisco, CA 94102, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays. The motion for attorneys' fees, costs, and enhancement payments will also be available on the websites specified above.

**PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.**

**IF YOU HAVE QUESTIONS ABOUT THIS NOTICE, PLEASE CALL THE SETTLEMENT ADMINISTRATOR:**

Roe v SFBSC Management, LLC Class Action
c/o Rust Consulting, Inc. - 5670
PO Box 2396
Faribault, MN 55021-9096
Telephone: (877) 906-1595
Website: www.SFBSC-Settlement.com

You may also call Class Counsel:

The Tidrick Law Firm
Steven G. Tidrick, Esq.
Joel B. Young, Esq.
2039 Shattuck Avenue, Suite 308
Berkeley, CA 94704
Telephone: 510-788-5100

DATED: May 4, 2017