Douglas J. Melton, Bar No. 161353
Shane M. Cahill, Bar. No. 227972
LONG & LEVIT LLP
465 California Street, 5th Floor
San Francisco, California  94104
Telephone:      (415) 397-2222
E-mail:         dmelton@longlevit.com
                scahill@longlevit.com

Attorneys for Defendants
SFBSC MANAGEMENT, LLC; CHOWDER
HOUSE, INC.; DÉJÀ VU – SAN FRANCISCO,
LLC; ROARING 20'S, LLC; GARDEN OF EDEN,
LLC; S.A.W. ENTERTAINMENT LIMITED;
DÉJÀ VU SHOWGIRLS OF SAN FRANCISCO,
LLC; GOLD CLUB – S.F., LLC; MARKET ST.
CINEMA, LLC; BIJOU – CENTURY, LLC; BT
CALIFORNIA, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE ROES 1-2, on behalf of themselves and all others similarly situated,<br><br>            Plaintiff,<br><br>v.<br><br>SFBSC MANAGEMENT, LLC; CHOWDER HOUSE, INC.; DÉJÀ VU – SAN FRANCISCO, LLC; ROARING 20'S, LLC; GARDEN OF EDEN, LLC; S.A.W. ENTERTAINMENT LIMITED; DÉJÀ VU SHOWGIRLS OF SAN FRANCISCO, LLC; GOLD CLUB – S.F., LLC; MARKET ST. CINEMA, LLC; BIJOU – CENTURY, LLC; BT CALIFORNIA, LLC; and DOES 1-200,<br><br>            Defendants. | Case No.  3:14-cv-03616-LB<br><br>Case No.  3:17-cv-06971-JSC<br><br>**ADMINISTRATIVE MOTION OF DEFENDANTS DÉJÀ VU – SAN FRANCISCO, LLC, AND DÉJÀ VU SHOWGIRLS OF SAN FRANCISCO, LLC, TO CONSIDER WHETHER CASES SHOULD BE RELATED**<br><br>**Courtroom:        C**<br>**Judge:            Hon. Laurel Beeler** |

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA  94104

DOCS\S0301-296\851270.4                    - 1 -

ADMINISTRATIVE MOTION TO
CONSIDER WHETHER CASES
SHOULD BE RELATED

Defendants DÉJÀ VU – SAN FRANCISCO, LLC, and DÉJÀ VU SHOWGIRLS OF SAN FRANCISCO, LLC, (collectively "Defendants"), which are also defendants in the recently filed lawsuit *Elaine P. Gomez-Ortega v. Déjà vu – San Francisco, LLC, et al.*, Case No. 3:17-cv-06971 (Removed to this Court from San Francisco Superior Court on December 6, 2017) ("*Gomez-Ortega*"), hereby submit this Administrative Motion to Consider Whether Cases Should Be Related, pursuant to Civil Local Rules 3-12 and 7-11 of this Court.  Defendants seek to relate *Gomez-Ortega* to this earlier filed lawsuit, *Jane Roes 1-2 v. SFBSC Management, LLC*, Case No. 3:14-cv-03616 ("*Roe*").

*Gomez-Ortega* should be related to *Roe* because the lawsuits concern substantially the same parties, transactions and events, and legal claims.  Additionally, if the cases are conducted before different judges, it would be an inefficient use of judicial resources and would risk conflicting results.  (*See* Civ. L.R. 13-12(a).)

# I.   BRIEF BACKGROUND OF *ROE* AND *GOMEZ-ORTEGA*

*Roe* is a collective and class action brought on behalf of all exotic dancers who worked at adult entertainment clubs in San Francisco controlled by SFBSC Management, LLC ("SFBSC"). (*Roe* ECF No. 11, at ¶1.)  The *Roe* Plaintiffs allege that SFBSC "maintains ownership, recruitment, and/or operational interests in various nightclubs featuring nude or semi-nude dancing in California, including but not limited to nightclubs doing business as Centerfolds [also known as Déjà Vu—San Francisco, LLC]…[and]…Little Darlings [also known as Déjà Vu Showgirls of San Francisco, LLC]."  (*Id*. at ¶9; *Roe* ECF No. 153 [Second Amended Complaint] at ¶¶ 12, 14, and 18.)  In its April 14, 2017 order granting preliminary approval of the parties' settlement in *Roe*, this Court granted the *Roe* Plaintiffs leave to amend their complaint to, among other things, add as named Defendants Déjà Vu—San Francisco, LLC, and Déjà Vu Showgirls of San Francisco, LLC—two of the named Defendants in the Gomez-Ortega lawsuit.  (*Roe* ECF No. 151 at 18:20-21 and No. 153; *Gomez-Ortega* ECF No. 1 at p. 15 and at ¶¶ 1, 5, and 9.)

The *Roe* Plaintiffs allege various Federal, California, and local wage-and-hour violations, including misclassification of the exotic dancers as independent contractors, rather than

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA  94104

DOCS\S0301-296\851270.4                    - 1 -

ADMINISTRATIVE MOTION TO
CONSIDER WHETHER CASES
SHOULD BE RELATED

employees, failure to pay hourly wages, failure to pay overtime, failure to pay final wages, failure to provide accurate written wage statements, and violation of California's Unfair Competition statute. The *Roe* Plaintiffs also brought claims pursuant to the California Private Attorney General Act ("PAGA"). (*Roe* ECF No. 153 at ¶¶75-228.)

On September 14, 2017, this Court granted final approval of the parties' settlement in *Roe*. Unless class members excluded themselves from the settlement, the settlement agreement and release provisions covered the California and local wage-and-hour claims of all class members who performed at the *Roe* Defendants' nightclubs, including the nightclubs operated by Déjà Vu—San Francisco, LLC, and Déjà Vu Showgirls of San Francisco, LLC, anytime between August 8, 2010 through April 14, 2017. The parties' settlement in *Roe* also resolved all claims asserted in that action pursuant to PAGA. (*Roe* ECF No. 151.)

On October 12, 2017, a notice of appeal was filed as to this Court's final-approval order in *Roe*. (Roe ECF No. 186.) That appeal is pending.

On November 1, 2017, the *Gomez-Ortega* lawsuit was filed in San Francisco Superior Court. (*Gomez-Ortega* ECF No. 1 at Ex. 1.) It was removed to this court on December 6, 2017. (*Id.*) The *Gomez-Ortega* lawsuit is a putative class action brought on behalf of all exotic dancers who performed at the nightclubs operated by Déjà Vu—San Francisco, LLC, and Déjà Vu Showgirls of San Francisco, LLC., as well as at the nightclubs allegedly operated by Déjà Vu, Inc.; Déjà Vu Services, Inc.; Pine Tree Assets, Inc.; Déjà Vu Showgirls – Sacramento, LLC; and Déjà Vu – Highland Park, LLC. (*Id.*) As noted, Déjà Vu—San Francisco, LLC, and Déjà Vu Showgirls of San Francisco, LLC. are Defendants in *Roe*.

As in *Roe*, the Plaintiff in *Gomez-Ortega* also alleges that the defendants in that case misclassified all exotic dancers as independent contractors when they were, in fact, employees and violated various wage-and-hour laws by failing to provide meal periods, rest periods, hourly wages, overtime wages, accurate written wage statements, final wages, wages without discount, and violation of California's Unfair Competition statute, among other allegations. (*Gomez-Ortega*, ECF No. 1 at Ex. 1 ¶¶1, 19, 50-141.) Plaintiff Gomez-Ortega alleges substantially

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA 94104

DOCS\S0301-296\851270.4                    - 2 -

ADMINISTRATIVE MOTION TO
CONSIDER WHETHER CASES
SHOULD BE RELATED

similar, albeit fewer, claims as those alleged by the *Roe* Plaintiffs.  The putative class that Plaintiff Gomez-Ortega seeks to represent includes entertainers who performed at the defendants nightclubs between November 1, 2013 and the present.  (*Id.* at ¶16.)

## II.    *ROE* AND *GOMEZ-ORTEGA* SHOULD BE RELATED

As noted, *Roe* and *Gomez-Ortega* concern substantially similar parties, and nearly identical alleged transactions, events, and legal claims.  As to the parties, the putative class the Plaintiff in *Gomez-Ortega* seeks to represent is substantially similar to the settlement class in *Roe*.  Indeed, the *Gomez-Ortega* putative class is subsumed in almost entirely by the *Roe* class and the lawsuits name two of the same Defendants:  Déjà Vu—San Francisco, LLC, and Déjà Vu Showgirls of San Francisco, LLC.

As to transactions, events, and legal claims, both cases are premised on the allegation that the defendant nightclubs purposefully misclassified exotic dancers as independent contractors instead of employees.  As a result of this misclassification, the plaintiffs in both cases allege a host of nearly identical wage and hour violations.   Because the parties, factual issues, and claims are similar, it would be a waste of the parties' resources, and of judicial resources, if the cases were heard in separate courts.  Given this Court's familiarity with the *Roe* action, judicial economy is best served by relating the *Gomez-Ortega* action and the *Roe* action.  Moreover, if the cases are not related there a risk of inconsistent legal and factual determinations, particularly if the final-approval order in *Roe* is reversed on appeal.  If, on the other hand, the final-approval order in *Roe* is affirmed, this Court will be in the best position to determine the effect of the *Roe* settlement on the *Ortega-Gomez* lawsuit.

For the foregoing reasons, *Gomez-Ortega* is related to *Roe* within the meaning of Local Rule 3-12(a).  Therefore, Defendants respectfully request that the Court issue an order relating the cases and transferring *Gomez-Ortega* to this Court, pursuant to Civil Local Rule 3-12(f).

///

///

///

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA  94104

DOCS\S0301-296\851270.4                                    - 3 -                    ADMINISTRATIVE MOTION TO
CONSIDER WHETHER CASES
SHOULD BE RELATED

Dated: December 19, 2017                LONG & LEVIT LLP


                                        By: /s/ *Douglas J. Melton*
                                            DOUGLAS J. MELTON
                                            Attorneys for Defendants
                                            SFBSC MANAGEMENT, LLC;
                                            CHOWDER HOUSE, INC.; DÉJÀ VU –
                                            SAN FRANCISCO, LLC; ROARING
                                            20'S, LLC; GARDEN OF EDEN, LLC;
                                            S.A.W. ENTERTAINMENT LIMITED;
                                            DÉJÀ VU SHOWGIRLS OF SAN
                                            FRANCISCO, LLC; GOLD CLUB – S.F.,
                                            LLC; MARKET ST. CINEMA, LLC;
                                            BIJOU – CENTURY, LLC; BT
                                            CALIFORNIA, LLC

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA 94104

DOCS\S0301-296\851270.4                 - 4 -                ADMINISTRATIVE MOTION TO
                                                            CONSIDER WHETHER CASES
                                                            SHOULD BE RELATED