Trenton R. Kashima, Esq. (SBN 291405)
tkashima@sommerspc.com
SOMMERS SCHWARTZ, P.C.
402 West Broadway, Suite 1760
San Diego, CA 92101
Telephone: (619) 762-2125
Facsimile: (619) 762-2127

Jason J. Thompson, Esq. (*Pro Hac Vice*)
jthompson@sommerspc.com
SOMMERS SCHWARTZ, PC
One Town Square, Suite 1700
Southfield, MI 48076
Telephone: 248-784-6613
Facsimile: 248-936-2143

THE TIDRICK LAW FIRM LLP
STEVEN G. TIDRICK, SBN 224760
JOEL B. YOUNG, SBN 236662
1300 Clay Street, Suite 600
Oakland, California 94612
Telephone: (510) 788-5100
Facsimile: (510) 291-3226
E-mail:sgt@tidricklaw.com
E-mail:jby@tidricklaw.com

*Attorneys for Plaintiffs*
*and the Putative Class*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **JANE ROES 1-2,** individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>**v.**<br><br>**DÉJÀ VU SERVICES, INC., et al.,** jointly and severally,<br><br>Defendants. | Case No: 19-cv-03960-LB<br><br>**DECLARATION OF JOEL B. YOUNG, ESQ. IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, LEAVE TO FILE AMENDED COMPLAINTS, AND CONSOLIDATION**<br><br>The Honorable Laurel Beeler |

I, Joel B. Young, do declare and state as follows:

1. I am a partner of The Tidrick Law Firm LLP, attorneys of record for Plaintiffs in this action. I am licensed to practice before all of the courts of the State of California and various federal courts including all of the U.S. District Courts in the State of California, and the U.S. Court of Appeals for the Ninth Circuit. I have personal knowledge of the facts set forth herein and, if called as a witness, I could and would competently testify thereto.

**THE SAN FRANCISCO ACTION**

2. On August 8, 2014, two Entertainers identified as Jane Roes 1-2 filed the San Francisco Action, which is currently pending before this Count. The San Francisco Action Plaintiffs asserted that they, and all Entertainers who performed at eleven nightclubs in San Francisco, California, were misclassified as independent contractors while they were really employees, and that a management company that provided management and consulting services to those nightclubs (SFBSC) was their joint employer.

3. In March of 2017, following extensive motion practice, an appeal to the United States Court of Appeals for the Ninth Circuit, three mediations under the auspices of the Ninth Circuit ADR program, and lengthy negotiations, the parties to the San Francisco Action executed a Settlement Agreement and Release (the "San Francisco Settlement") that settled, pursuant to and limited by the terms thereof, the San Francisco Action. Over objections submitted by the firm of Lichten & Liss-Riordan, P.C., on behalf of nine entertainers (Nicole Hughes, Penny Nunez, Angelynn Hermes, Elana Pera, Sarah Murphy, Poohrawn Mehraban, Gypsy Vidal, Tiffany Zoumer and Devon Locke; "the San Francisco Objectors"), this Court granted preliminary approval of the San Francisco Settlement on April 14, 2017 (the "San Francisco Preliminary Approval Date"), and after additional objections submitted by Lichten & Liss-Riordan, granted final approval of the San Francisco Settlement on September 14, 2017.

4. The San Francisco Action Settlement provided Cash Payments, Dance Fee Payments, Residual Dance Fee Payments, and changes to the defendants' business practices

that conferred a direct financial benefit on class members. The Gross Settlement Value was $5 million, broken into tiers: (1) First Tier Cash Pool: $2 million; (2) Second Tier Cash Pool: up to $1 million; (3) Dance Fee Payments and Residual Dance Fee Payments: $1 million; and (4) changes to the defendants' business practices (estimated to confer benefits to class members in excess of $1 million). Under the Settlement, class members could elect to receive a Cash Payment based on the number of months worked (up to $800) or Dance Fee Payment.

5. The San Francisco Settlement provided injunctive relief, including the creation of an "enhanced offer of employee status" pursuant to which each settling nightclub's management personnel were required to give entertainers the option of performing as employees, who were to be guaranteed to earn at least fifteen dollars ($15.00) an hour and commissions of at least twenty percent of the dance fees earned from their performances in excess of the first one hundred fifty dollars generated by their sale of private dances during a shift. The nightclubs were also required, pursuant to the Settlement, to present entertainers with a "Selection Document" which explains that, while entertainers who choose employee status give up rights that independent contractors are afforded.

## THE SETTLEMENT AGREEMENT

6. All of the terms of the new, current settlement are contained within the Settlement Agreement. At all times, the settlement negotiations have been non-collusive, adversarial, and at arm's length. Based on our own independent investigations and evaluations, our law firm is of the opinion that the current Settlement with Defendants for the consideration and terms set forth herein, considering the representative and class claims, and the risk of loss, is fair, reasonable, and adequate in light of all known facts and circumstances, and is in the best interests of the Class. We are also of the opinion that the total consideration set forth in the Settlement Agreement is adequate in light of the uncertainties surrounding the risk of further litigation, and the defenses that have been asserted or could be asserted, as well as the substantive merit of the claims.

7. Our law firm has weighed the monetary benefit under the Settlement to the Settlement Class against the expenses and length of continued proceedings that would be

necessary to prosecute the Action against Defendant through trial and possible appeals. We have also taken into account the uncertain outcome and risk of any litigation, especially in complex actions such as class actions, as well as the difficulties and delay inherent in such litigation. As a result, we have determined that the settlement set forth in the Settlement Agreement is in the best interests of the Settlement Class.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 28, 2022

/s/ *Joel B. Young*

JOEL B. YOUNG, SBN 236662