**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**JANE ROE, et al.** individually and on behalf of all others similarly situated,

Plaintiffs,

**v**.

**DÉJÀ VU SERVICES, INC., et al.,** jointly and severally,

Defendants.

Case No: 14-cv-03616-LB

Related Cases:
16-cv-03371-LB
17-cv-00138-LB
17-cv-05288-LB
17-cv-06971-LB
19-cv-03960-LB

**[PROPOSED] ORDER RE: PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND LEAVE TO FILE AMENDED COMPLAINT**

The Honorable Laurel Beeler

Before the Court is Plaintiffs' unopposed Motion for Preliminary Approval of Class Action Settlement and Leave to File the Second Amended Complaint, by and through their attorneys of record. Having reviewed and considered the Motion, and having heard and considered the oral arguments of counsel, the Court makes the findings and grants the relief set forth below, preliminarily approving the Settlement contained in the Agreement upon the terms and conditions set forth in this Order. All terms and phrases in this Order shall have the same meaning as they are defined in the Agreement.

**NOW, THEREFORE, IT IS HEREBY ORDERED**:

1. The Court grants Plaintiffs' motion to amend the complaint, and directs Plaintiffs to filed the Second Amended Complaint as the operative complaint, for settlement purposes only;

2. The Court certifies, for settlement proposes only, the following Class:

> Any individual who Performed as an Independent Professional Entertainer (independent contractor) at one or more of the Clubs at any time during the applicable Class Periods, but does not include those individuals who provide or who have provided services as "headliner" or "feature" performers unless such individual was otherwise a party to a Dancer Contract with a Club during the Class Periods.

The Class Period is defined as follows, as follows:

> a) the time period from August 8, 2010 to November 16, 2018 for Entertainers who Performed as Independent Professional Entertainers (independent contractors) at one or more of the San Francisco Clubs (the "San Francisco Class Period"); and
>
> b) the time period from February 8, 2017 to November 16, 2018 for Entertainers who Performed as Independent Professional Entertainers (independent contractors) at one or more of the Greater California Clubs (the "Greater California Class Period").

3. The Court finds that the Doe Plaintiffs will fairly and adequately represent the interest of the Class and therefore appoints these individuals as class representatives;

4. The Court finds that Sommers Schwartz PC and The Tidrick Law Firm, LLP are competent and experienced counsel that will adequately represent the interest of the Class and therefore appoints these firms as class counsel;

5. The Court preliminarily approves the settlement terms set forth in the Agreement as fair, reasonable, and adequate, subject to final consideration at the Fairness Hearing provided for below;

6. The Court finds the Class Notice, attached to the Settlement Agreement as Exhibits D,

G, and H, and the provision of the Class Notice outline in the Settlement Agreement will provide adequate notice to the Class.

7. Defendant will provide the Settlement Administrator a list of the Settlement Class Members within thirty (30) days from the date of this Order;

8. The Settlement Administrator shall send out the Notice Packets to the Settlement Class Members, in the manner and form approved by this Court, no later than twenty (20) days after Defendant provides the Settlement Administrator a list of the Settlement Class Members;

9. Prior to the Fairness Hearing (defined herein), Class Counsel and Defendant shall file with the Court an appropriate affidavit or declaration attesting to the parties' compliance with the distribution of notice as set forth in this Order;

10. A hearing (the "Fairness Hearing") shall be held before this Court on _______________, 2022, at _______________, United States District Court for the Northern District of California, 450 Golden Gate Ave., San Francisco, CA 94102, in Courtroom B – 15th Floor, to determine:

a. whether the terms set forth in the Agreement are fair, reasonable, adequate, and in the best interests of the Settlement Class;

b. whether a Final Order and Judgment, as provided for in the Agreement, should be entered granting final approval of the settlement; and

c. whether, and in what amount, attorneys' fees, costs and expenses, and Class Representative incentive awards, should be paid to an account established and/or directed by Class Counsel for distribution.

The Court may direct that participants may appear telephonically or by Zoom before the Court.

11. Each Class Member desiring to object to the settlement shall submit a timely written statement to the Settlement Administrator that describes the Class Member's objection in specific terms and the reasons for any such objection, including any evidence and legal authority the Class Member wishes to bring to the Court's attention and any evidence the Class Member wishes to introduce in support of his or her objection, as well as the Class Member's name, email and postal addresses, and telephone number, and information demonstrating that the Class Member is entitled to be included as a Member of the Class. To be timely, written notice of an objection in the format above must be mailed to the Settlement

Administrator within sixty (60) days of the initial mailing of the Notice Packets.

12. Each Class Member desiring to opt-out to the settlement shall submit a timely written notice to the Settlement Administrator evidence their intention to opt out, as well as the Class Member's name, email and postal addresses, and telephone number. To be timely, written notice of an opt-out must be mailed to the Settlement Administrator within sixty (60) days of the initial mailing of the Notice Packets.

13. Class Counsel will file a Motion for approval of attorney's fees, costs, and class representative service awards with the Court fifteen (15) days before initial Response Deadline;

14. All discovery and pretrial proceedings in this Action are stayed and suspended until further order of this Court; and

15. Neither the Agreement, nor the terms contained therein, nor any act performed or document executed pursuant to or in furtherance of the Agreement or the settlement: (a) is or may be deemed to be, or any be used as an admission of, or evidence of, the validity or lack thereof of any Released Claim, or of any wrongdoing or liability of Defendants; or (b) is or may be deemed to be, or may be used as an admission of, or evidence of, any fault or omission of Defendants, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.

**IT IS SO ORDERED.**

DATED: ____________________ ________________________________________

Magistrate Judge Laurel Beeler

United States District Court
Northern District of Clafornia