**SUPERIOR COURT OF CALIFORNIA,**
**COUNTY OF SAN DIEGO**
**CENTRAL**

**MINUTE ORDER**

DATE: 01/18/2019 TIME: 01:30:00 PM DEPT: C-72

JUDICIAL OFFICER PRESIDING: Timothy Taylor
CLERK: Yvette Terronez
REPORTER/ERM: Johnell Gallivan CSR# 10505
BAILIFF/COURT ATTENDANT: O. Godoy

CASE NO: **37-2018-00028044-CU-OE-CTL** CASE INIT.DATE: 05/31/2018
CASE TITLE: **ROE vs Deja Vu Services Inc [EFILE]**
CASE CATEGORY: Civil - Unlimited CASE TYPE: Other employment

---

**EVENT TYPE**: Motion Hearing (Civil)

---

**APPEARANCES**

---

The Court hears oral argument and confirms the tentative ruling as follows:
**Ruling on Motion to Compel Arbitration**

**1. <u>Overview and Procedural Posture</u>.**

This is an employment action brought on behalf of a class of exotic nude dancers at the defendant topless bars throughout California. Plaintiffs assert they were misclassified as independent contractors instead of employees, and that consequently defendants have violated the applicable wage and hour laws. ROA 1, paragraph 3. Plaintiffs also assert that defendants engaged in unlawful tip-sharing arrangements with the class. *Ibid*. The eight count complaint was filed in May of 2018. There are several other lawsuits involving the same parties and similar issues in other jurisdictions; these other cases are in various procedural postures (including two cases on appeal to the 9th Circuit).

The court incorporates the minutes for November 30 and December 27, 2018 (ROA 105 and 115). On those dates, the court denied a motion for preliminary approval of a class action settlement, and granted a motion for leave to file a complaint in intervention. The case is set for hearing on class certification next fall. ROA 104.

Presently, defendants seek to compel the putative class reps to arbitrate their claims. ROA 33, 34, 89-92. Plaintiffs filed opposition. ROA 119. Defendants filed reply. ROA 121-23. The court has reviewed the papers.

**2. <u>Applicable Standards</u>.**

**A.** In recent years, it would be fair to characterize the law as developing (generally speaking) in a

manner favorable to enforcement of what the plaintiff's bar characterizes as "forced arbitration" provisions. *See, e.g. Sanchez v. Valencia Holding Co*. (2015) 61 Cal.4th 899.

**B.** A party to an arbitration agreement may seek a court order compelling the parties to arbitrate a dispute covered by the agreement. Code of Civil Procedure § 1281.2. The petition to compel arbitration must allege specific facts demonstrating the existence of an arbitrable controversy and must also allege "that the opposing party refuses to arbitrate the controversy." Knight, Chernick, Haldeman & Bettinelli, *Cal Prac. Guide: Alternative Dispute Resolution* (The Rutter Group), §§ 5:305-5:306.

The moving party must prove by a preponderance of the evidence the existence of the arbitration agreement and the dispute is covered by the agreement. The burden then shifts to the resisting party to prove by a preponderance of the evidence a ground for denial, *e.g*., the requested matter is not covered by the arbitration agreement, or unconscionability. *Id.* at § 5:320. Competent evidence is required to establish the existence of the arbitration agreement and any ground for denial. *Id*. at § 5:321.

The court must grant the petition to compel arbitration unless it finds: (1) no written agreement to arbitrate exists; or (2) **the right to compel arbitration has been waived;** or (3) grounds exist for revocation of arbitration (*e.g*., unconscionability, fraud in the inducement, or illegality); or (4) litigation is pending that may render the arbitration unnecessary or create conflicting rulings on common issues. Code of Civil Procedure § 1281.2. Denial of the petition to compel arbitration on grounds other than those immediately above is reversible error. Knight, Chernick, Haldeman & Bettinelli, *Cal Prac. Guide: Alternative Dispute Resolution* (The Rutter Group), § 5:323.5.

Code of Civil Procedure section 1281.2 provides: "On petition of a party to an arbitration agreement alleging the existence of a written agreement to arbitrate a controversy and that a party thereto refuses to arbitrate such controversy, the court shall order the petitioner and the respondent to arbitrate the controversy if it determines that an agreement to arbitrate the controversy exists, unless it determines that: (a) The right to compel arbitration has been waived by the petitioner; or (b) Grounds exist for the revocation of the agreement ..."

A proceeding to compel arbitration is essentially a suit in equity to compel specific performance of the arbitration agreement. *Freeman v. State Farm Mutual Auto. Ins. Co.* (1975) 14 Cal.3d 473, 479. Generally speaking, arbitration agreements are a favored manner of resolving disputes in California, and California law, like federal law, favors enforcement of valid arbitration agreements. *Armendariz v. Foundation Health Psychcare Services, Inc.* (2000) 24 Cal.4th 83, 97.

Any doubts as to whether an arbitration agreement is enforceable should be resolved in favor of arbitration. *Erickson, Arbuthnot, McCarthy, Kearny & Walsh, Inc. v. 100 Oak Street* (1983) 35 Cal.3d 312, 320. Where there is a binding arbitration agreement absent the grounds provided in Code of Civil Procedure section 1281.2, the court must compel arbitration and stay the action until arbitration is completed. Code of Civil Procedure § 1281.2; *A.D. Hoppe Co. v. Fred Katz Construction Co.* (1967) 249 Cal.App.2d 154, 159.

As for unconscionability, a ground for denial: it embodies both procedural and substantive elements. "Procedural unconscionability" concerns the manner in which the contract was negotiated and the parties' circumstances at that time. It focuses on the factors of oppression or surprise. The oppression component arises from an inequality of bargaining power of the parties to the contract and an absence of real negotiation or a meaningful choice on the part of the weaker party. *Kinney v. United HealthCare Services, Inc.* (1999) 70 Cal.App.4th 1322, 1329; *Nyulassy v. Lockheed Martin Corp.* (2004) 120

Cal.App.4th 1267, 1281. "Substantive unconscionability" focuses on the terms of the agreement and whether those terms are "overly harsh" or "one-sided." *Armendariz v. Foundation Health Psychcare Services, Inc., supra*, 24 Cal.4th at 114; *Little v. Auto Stiegler, Inc*. (2003) 29 Cal.4th 1064, 1071.

Procedural and substantive unconscionability need not be present in the same degree: "(T)he more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable, and vice versa." *Armendariz v. Foundation Health Psychcare Services, Inc*., *supra*, 24 Cal.4th at 114. The court has "some" discretion whether to sever an unconscionable provision or refuse to enforce the entire arbitration agreement. *Id*. at 122. To determine whether unconscionable terms may be severed, a court considers whether the unconscionable provision is "central" or "collateral" to the purpose of the contract. "The overarching inquiry is whether the interests of justice would be furthered by severance." *Id*. at 123-124. Arbitration agreements that are "permeated" by unconscionability are unenforceable. *Id*. at 122.

**C.** "Waiver requires a voluntary act, knowingly done, with sufficient awareness of the relevant circumstances and likely consequences. [Citation.] There must be actual or constructive knowledge of the existence of the right to which the person is entitled. [Citation.] The burden is on the party claiming a waiver to prove it by evidence that does not leave the matter doubtful or uncertain and the burden must be satisfied by clear and convincing evidence that does not leave the matter to speculation. [Citation.]" *Kelly v. William Morrow & Co.,* 186 Cal. App. 3d 1625, 1635 (1986); see also CACI 336.

In the specific setting of this case, waiver of the right to arbitrate, the court tests the plaintiffs' contention that defendants have abandoned their rights with reference to the cases cited at page 8 of the opposition brief [most particularly *St. Agnes Med. Ctr. v. PacifiCare of Calif.,* 31 Cal. 4th 1187 at 1196 (2003)].

**3. Discussion and Ruling.**

The court agrees with plaintiffs that defendants waived the right to arbitrate by joining with them in actively seeking the court's imprimatur on a class-wide settlement, and by vigorously opposing the participation of the intervenors. Although it is true the defendants filed their motion as a protective measure while the motion for preliminary settlement approval was pending, the court is of the view that defendants' conduct after that motion was filed was inconsistent with the intention to arbitrate. Some defendants, faced with a similar situation, will stand by quietly and passively allow plaintiff's counsel to seek preliminary approval. That is not what happened here. Defendants actively sought to utilize the mechanisms of the court when it suited their purpose, and must be held to that election. The court finds the criteria of *St. Agnes Med. Ctr*., *supra,* are met. Thus, the court finds there is clear and convincing evidence of waiver by conduct. Accordingly, the motion to compel arbitration is denied.

On January 8, 2019 Justice Kavanaugh authored his first opinion since an ugly confirmation fight resulted in him being sworn in to the Supreme Court. Defendants rely on this opinion, *Schein, Inc. v. Archer & White Sales, Inc*., No. 17-1272, in their reply brief. *Schein* does not change the result. This court has found that the moving parties waived their right to enforce the arbitration clause by applying state law principles of waiver. This did not change after *Schein*: "To be sure, before referring a dispute to an arbitrator, the court determines whether a valid arbitration agreement exists." 2019 WL 122164, text accompanying headnote 12.

Because the court finds waiver, the court finds it unnecessary to address the other contentions of the parties. *See PDK Labs. Inc. v. DEA*, 362 F.3d 786, 799 (D.C. Cir. 2004) (Roberts, J., concurring in part and concurring in the judgment) (noting "the cardinal principle of judicial restraint" that "if it is not

necessary to decide more, it is necessary not to decide more"); *Compare Natter v. Palm Desert Rent Review Comm'n.,* 190 Cal. App. 3d 994, 1001 (1987)(reversal on stated grounds made it unnecessary to resolve other contentions challenging constitutionality); *Young v. Three for One Oil Royalties*, 1 Cal. 2d 639, 647-648 (1934)(court declined to rule on matters unnecessary to resolving the case before the court, as to do so would be to provide "dictum pure and simple").

**IT IS SO ORDERED.**

Judge Timothy Taylor