**AEGIS LAW FIRM, PC**
KASHIF HAQUE (State Bar No. 218672)
SAMUEL A. WONG (State Bar No. 217104)
JESSICA L. CAMPBELL (State Bar No. 280626)
9811 Irvine Center Drive, Suite 100
Irvine, California 92618-2902
Telephone: (949) 379-6250
Facsimile: (949) 379-6251

**LICHTEN & LISS-RIORDAN PC**
SHANNON LISS-RIORDAN, State Bar No. 310719
MATTHEW W. THOMSON, *pro hac vice*
729 Boylston St., Suite 2000
Boston, Massachusetts 02116
Telephone: (617) 994-5800
Facsimile: (617) 994-5801

Attorneys for Plaintiffs

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange
**09/05/2018** at 10:56:00 AM
Clerk of the Superior Court
By Georgina Ramirez,Deputy Clerk

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF ORANGE**

ORIANA JOHNSON and BRYNEISHA PHILLIPS, individually and on behalf of other aggrieved employees,

Plaintiffs,

vs.

VCG-IS, LLC, a California Corporation, dba IMPERIAL SHOWGIRLS; VCG HOLDING CORP.; INTERNATIONAL ENTERTAINMENT CONSULTANTS, INC.,

Defendants.

Case No. 30-2015-00802813-CU-CR-CXC

Assigned to: Hon. William Claster
Dept. CX104

**PLAINTIFFS' NOTICE OF RULING**

| | |
|---|---|
| Hearing Date: | August 31, 2018 |
| Time: | 9:00 a.m. |
| Courtroom: | CX104 |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on August 31, 2018 at 9:00 a.m., in the above-entitled action, the Court made the following rulings:

1. The Court vacated the trial date set for December 10, 2018 and vacated the Trial Readiness Conference set for November 30, 2018.
2. The Court set a further status conference for October 22, 2018 at 8:30 a.m.
3. The Court ordered the parties to submit a joint status conference statement on or before October 15, 2018, which shall address the subjects mentioned on the record, including, the status of discovery, settlement discussions, any anticipated motion to compel arbitration, any anticipated motion for summary adjudication regarding the issue of which entities are the employers of the aggrieved employees pursuant to Cal. Code Civ. Proc. § 437c(t), at least a reference to a trial plan, and a reasonable timeframe to prepare for trial along with what discovery is needed for trial.
4. The Court order that no further discovery be served until after the next status conference, but currently-pending discovery is not stayed.
5. The Court adopted its tentative rulings regarding Plaintiffs' Motion for Summary Adjudication and Defendant IEC's Motion for Summary Judgment as to Plaintiffs Johnson and Phillips only. The tentative rulings are pasted below.

**<u>Plaintiffs' Motion for Summary Adjudication as to Defendants' Affirmative Defenses that Plaintiff Was Properly Classified as an Independent Contractor</u>**

Plaintiffs' motion for summary adjudication is GRANTED.

**<u>Rulings on Objections</u>**

- Defendants' 08/17/18 objections to Plaintiffs' Evidence – overruled
- Plaintiffs' 08/24/2018 objections to Exhibit 5 to the 08/17/2018 Cahill Declaration (New York Times article) – overruled (underlying fact that erotic dance is a form of dance, while hearsay, is judicially noticeable as a fact not commonly in dispute).

**Grounds for Ruling**

Plaintiffs performed as exotic dancers at the Imperial Showgirls in Anaheim, California. This is a PAGA-only action based on plaintiffs' allegation that they were improperly classified as independent contractors. Plaintiffs' operative complaint is the Third Amended Complaint filed February 8, 2018.

In their answers, defendants alleged as affirmative defenses that plaintiffs were properly classified as independent contractors and, therefore, exempt from state and federal minimum wage and overtime pay requirements. (03/09/2018 Answer by VCG, IS, LLC and VCG Holding Corp., p. 10, Forty-Fourth affirmative defense; 03/15/2018 Answer by International Entertainment Consultants, Inc., p. 6, Twenty-Second affirmative defense.)

Plaintiffs move for summary adjudication of these affirmative defenses only pursuant to CCP § 437c(f).

On July 18, 2018, this court decided on a motion *in limine* that the "ABC test" approved by the California Supreme Court in *Dynamex Operations W. v. Superior Court* (2018) 4 Cal.5th 903 (*Dynamex*) will be utilized to determine the employee/independent contractor issue in this case. Under this test, which tracks the version of the "ABC test" adopted by Massachusetts courts and which the California Supreme Court described as a "simpler, more structured test," (*Dynamex* at 955), all workers are *presumed* to be employees and it is *the burden of the employer* to prove *all of the following*:

> (A) the worker is free from the control and direction of the hiring entity in connection with the performance of the work, both under the contract for the performance of the work and in fact;
> (B) the worker performs work that is outside the usual course of the hiring entity's business, *and*
> (C) the worker is customarily engaged in an independently established trade, occupation, or business of the same nature as that involved in the work performed.

If the employer fails to prove all three elements, the worker must be classified as an employee.

Plaintiffs have met their initial burden on their motion for summary adjudication of establishing that Imperial Showgirls will be unable to prove all three parts of the ABC test in order to overcome the legal presumption that plaintiffs were employees. Specifically, plaintiffs have established that defendant will be unable to prove Part B. Plaintiffs did not address Parts A and C and, as explained below, such analysis was unnecessary under *Dynamex*.

Part B of the ABC test requires an examination of whether "the worker performs work that is outside the usual course of the hiring entity's business." (*Dynamex*at 959.) The Supreme Court used the following as examples of how to analyze this prong. If a bakery hires cake decorators to work on a regular basis, then those cake decorators are likely working within the bakery's "usual business operation" and thus would be employees. Whereas a plumber hired to fix a leak in the bakery's bathroom would be viewed as not working within the bakery's usual course of business and therefore would not be viewed as an employee. (*Id.* at pp. 959-60.)

Here, plaintiffs established, and there can be no real dispute, that Imperial Showgirls operates an adult entertainment establishment whose primary purpose is to permit patrons to watch and pay for particular services, such as "lap dances," from exotic dancers like the two plaintiffs in this case. Imperial Showgirls holds itself out as a "strip club" and the exotic dancers who perform there, including plaintiffs, are central to the defendant's business--both literally and figuratively as plaintiffs point out. (SSUF Nos. 1, 5, 7, 11.). The entire business of Imperial Showgirls centers around exotic dancers performing for defendant's customers. That aspect of defendants' business simply would not survive without them.

Defendants' objections to plaintiffs' evidence of internet searches pertaining to Imperial Showgirls are overruled. The court can judicially notice that a simple Google search of "Imperial Showgirls, Anaheim CA" will direct the searcher to http://imperialshowgirlsoc.com/, which shows the business address as 2640 W Woodland Drive, Anaheim, CA 92801, the address on Google Maps for Imperial Showgirls, as well as the nature of the business depicted on the website. Under these circumstances, defendants cannot simply stand on objections that the website was not properly authenticated. Defendants have failed to submit any evidence that the web addresses relied upon by plaintiffs are *unrelated* to the Imperial Showgirls in this case or inaccurately describe the business at which plaintiffs worked. The information on the website is not hearsay because the court did not consider the truth of any statements made thereon, but rather as evidence of the nature of the business conducted at Imperial Showgirls.

Defendants also have failed to provide admissible evidence sufficient to raise a triable issue of material fact as to Part B of the ABC test. Defendants argue that plaintiffs independently and freely contracted to use defendant's business to perform for customers who pay plaintiffs directly. Significantly, the Entertainment Agreements signed by plaintiffs do not create a triable issue of fact as to whether plaintiffs were properly classified as independent contractors. When the Supreme Court decided *Dynamex*, it did not provide an exemption from the ABC test for such individuals, or hold that the right to contract is superior to California's public policy of consistent enforcement of wage and hour laws. To the contrary, it noted that wage orders are not only for the benefit of workers themselves, but are implemented industry-wide and are "intended for the benefit of those law-abiding businesses that comply with the obligations imposed by the wage orders, ensuring that such responsible companies are not hurt by unfair competition from competitor businesses that utilize substandard employment practices" and "for the benefit of the public at large." (*Dynamex* at 952-53.) If the Supreme Court had intended to make an exception for workers who allegedly freely contracted to change their status, it presumably could have done so.

In addition, defendants fail to show that the other businesses operating in the same complex with Imperial Showgirls raises a factual issue regarding Part B.

Having found defendants will be unable as a matter of law to establish Part B, the Court need not address Parts A and C. (See *Dynamex*, at p. 963 ["Furthermore, inasmuch as a hiring entity's failure to satisfy any one of the three parts itself establishes that the worker should be treated as an employee for purposes of the wage order, a court is free to consider the separate parts of the ABC standard in whatever order it chooses. Because in many cases it may be easier and clearer for a court to determine whether or not part B or part C of the ABC standard has been satisfied than for the court to resolve questions regarding the nature or degree of a worker's freedom from the hiring entity's control for purposes of part A of the standard, the significant advantages of the ABC standard—in terms of increased clarity and consistency—will often be best served by first

considering one or both of the latter two parts of the standard in resolving the employee or independent contractor question"].)

As to the oppositions by Holding and IEC, they miss the mark regarding this Court's motion in limine ruling that it will not apply the ABC Test to the joint employer analysis. Plaintiffs' motion is directed only to adjudicating defendants' affirmative defenses that plaintiffs were properly classified by Imperial Showgirls as independent contractors, and as to that issue, the ABC test applies. The motion does not address or impact plaintiffs' theories of liability as to Holding and IEC except to the extent they, if found to be plaintiffs' employer, cannot raise the affirmative defense that plaintiffs were properly designated as independent contractors. Put another way, the court *is not finding* as plaintiffs suggest in their reply that plaintiffs are "employees" of all defendants, but rather that plaintiffs are properly designated as employees of Imperial Showgirls. Whether Holding and IEC are liable as plaintiffs' employer or as joint employers is not resolved by this motion.

**<u>Impact of Ruling on Other "Aggrieved Employees"</u>**

In their oppositions, defendants ask that any ruling in plaintiffs' favor be limited to the named plaintiffs only or, if the ruling extends to all "aggrieved employees," that defendants first should be permitted to conduct discovery. Defendants point out that on December 12, 2017 the Court scheduled phase 1 of the trial and limited it to the issue of whether the two named plaintiffs were misclassified. Plaintiffs do not dispute that the parties, prior to *Dynamex,* were told of the phasing of the case in this manner. As a result, the parties agreed to limit discovery solely to the issue of whether the two plaintiff representatives were misclassified. (See Shahabi Decl., ¶¶ 3-5, Ex. "B" to VCG Holding's 08/17/18 Index of Evidence.)

The Court is amenable to considering further briefing and discussion regarding whether this ruling is dispositive of plaintiff's misclassification allegations as to all "aggrieved employees." Indeed, that would appear to be the case. In their operative Third Amended Complaint, plaintiffs bring this PAGA action on behalf of themselves "and other aggrieved employees *who performed at Defendants' establishments in California as dancers* and who were misclassified as independent contractors during the one-year period preceding the filing of the initial Complaint . . . ." (Emphasis added.) Given the Court's ruling on Part B of the ABC test that defendants will be unable to prove that the two plaintiffs, as exotic dancers, are working outside the usual course of Imperial Showgirls' business, it is difficult to conceive of how defendants will be able to show that other aggrieved employees as defined by plaintiffs in the case are any different. In addition, defendants have failed to identify what information, if any, obtained through discovery would compel a different result, but the court will give them the opportunity to make that showing. The Court will discuss with the parties whether a further hearing should be scheduled on these issues.

**<u>Defendant IEC's Motion for Summary Judgment</u>**

Defendant IEC's motion for summary judgment is DENIED. That motion is premised almost entirely on the argument that the two Plaintiffs were properly classified as independent contractors, and not as employees. Indeed, virtually every one of the 102 supposedly undisputed facts in IEC's separate statement (filed April 12, 2018) centers on this issue. In light of the above ruling regarding Plaintiffs' status as employees under *Dynamex*, the motion must be denied.

Dated: September 5, 2018

**AEGIS LAW FIRM, PC**

By: /s/Jessica L. Campbell
Jessica L. Campbell
Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I, the undersigned, am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; am employed with Aegis Law Firm PC and my business address is 9811 Irvine Center Drive, Suite 100, Irvine, California 92618.

On September 5, 2018, I served the foregoing document entitled:

- **PLAINTIFF'S NOTICE OF RULING**

on all the appearing and/or interested parties in this action by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

Michael A. Hood
S. Sean Shahabi
Rassa L. Ahmadi
JACKSON LEWIS, LLP
200 Spectrum Center Drive, Suite 500
Irvine, California 92618
michael.hood@jacksonlewis.com
sean.shahabi@jacksonlewis.com
rassa.ahmadi@jacksonlewis.com

Allan S. Rubin
Jackson Lewis P.C.
2000 Town Center, Suite 1650
Southfield, MI 48075
Allan.Rubin@jacksonlewis.com

*Attorneys for Defendants:*
*VCG-IS, LLC, dba Imperial Showgirls; VCG Holding Corp.*

Shannon Liss-Riordan
Matthew W. Thomson, *pro hac vice*
Lichten & Liss-Riordan PC
729 Boylston St., Ste 2000
Boston, MA 02116
sliss@llrlaw.com
mthomson@llrlaw.com

*Co-Counsel for Plaintiff*

Douglas J. Melton
Shane M. Cahill
LONG & LEVIT LLP
465 California Street, 5th Floor
San Francisco, CA 94104
dmelton@longlevit.com
scahill@longlevit.com

*Attorneys for Defendant:*
*International Entertainment Consultants, Inc.*

☒ **(BY ELECTRONIC TRANSMISSION)** I caused said document(s) to be served via electronic transmission to the addressee(s) listed above on the date below. (*Cal. Code Civ. Proc.* § 1010.6(6); *Fed. R. Civ. Proc.* 5(b)(2)(E); *Fed. R. Civ. Proc.* 5(b)(3).)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 5, 2018, at Irvine, California.

Grethel Gonzalez