Jason J. Thompson, Esq. (*Pro Hac Vice*)
jthompson@sommerspc.com
SOMMERS SCHWARTZ, PC
One Town Square, Suite 1700
Southfield, MI 48076
Telephone: 248-784-6613
Facsimile: 248-936-2143

THE TIDRICK LAW FIRM LLP
STEVEN G. TIDRICK, SBN 224760
JOEL B. YOUNG, SBN 236662
1300 Clay Street, Suite 600
Oakland, California 94612
Telephone: (510) 788-5100
Facsimile: (510) 291-3226
E-mail:sgt@tidricklaw.com
E-mail:jby@tidricklaw.com

*Attorneys for Plaintiffs*
*and the Putative Class*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JANE ROE, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SFBC MANAGEMENT, LLC, et al.,<br><br>Defendants. | Case No. 14-cv-03616-LB<br><br>Related Case No. 19-cv-03960-LB<br><br>**SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFFS' SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT**<br><br>The Honorable Laurel Beeler |
| JANE ROES 1 AND 2, et al.<br><br>Plaintiffs,<br><br>v.<br><br>DÉJÀ VU SERVICES, INC., et al.,<br><br>Defendants. | |

## I. INTRODUCTION

As the result of continued negotiations with several objectors to the settlement, the proposed settlement agreement in the above-referenced actions has been amended as described below. In the interests of efficiency, Plaintiffs are filing this supplement, rather than a new motion, because the reasoning in Plaintiffs' motion for preliminary approval of the settlement still applies.

## II. BACKGROUND

On February 11, 2022, Plaintiffs in *Roe v. SFBSC Management, LLC*, Case 3:14-cv-03616-LB (the "San Francisco Action"),[1] filed a motion for preliminary approval of a settlement reached by the parties in the San Francisco Action and in *Jane Roe 1 and 2 v. Deja Vu Services, Inc., et al.*, Case No. 19-cv-03960-LB (the "San Diego Action," together with the San Francisco Action being the "Actions"). San Francisco Action ECF No. 239. The motion for preliminary approval in the San Diego Action (which was similar in all material respects to the motion filed in the San Francisco Action) was filed on March 7, 2022. San Diego Action ECF No. 107. On February 25, 2022 and March 21, 2022, objections to the proposed Release and Settlement Agreement ("Settlement Agreement") were filed by several class members ("Objectors") represented by Lichten & Liss-Riordan, P.C.[2] *See,* San Francisco Action ECF No. 244; San Diego Action ECF No. 109.

After extensive negotiations between the parties, an agreement has been reached to improve the terms of the proposed settlement, which will resolve the objections to the Release and Settlement Agreement in the Actions.

The Settlement Agreement has been amended as follows:

First, paragraph 9.1 of the Settlement Agreement has been changed to extend the provision of the Enhanced Terms of Employment from one year to two years after the Final Approval Date.

---

[1] Defined terms used throughout this Amendment to Release and Settlement Agreement have the same meaning as those defined terms in the Release and Settlement Agreement.

[2] Although they overlap, the groups of objectors in the San Francisco Roe Action and the San Diego Roe Action are not identical. The objectors in the San Francisco Roe Action are: Angelynn Hermes, Nichole Hughes, Devon Locke, Poohrawn Mehraban, Sarah Murphy, Penny Nunez, Elana Pera, Gypsy Vidal, Tiffany Zoumer, and Diana Tejada.

The objectors in the San Diego Roe Action are: Rashele Hamren, Angelynn Hermes, Nicole Hughes, Poohrawn Mehraban, Sarah Murphy, Penny Nunez, Elana Pera, and Gypsy Vidal.

Second, in addition to the Class Notices and Class Notice procedures set forth in the Settlement Agreement, the Settlement Administrator shall mail a reminder notice to Settlement Class Members no later than 90 days after the third installment payment, or Third Case Payment (as outlined in Paragraphs 5.5 through 5.5.5), reminding Settlement Class Members to cash their Settlement Checks and advising that, if Settlement Class Members fail to timely cash their Settlement Checks, said monies will be delivered to the California State Controller's Unclaimed Property Fund with instructions as to how to search for and claim such funds. As a result of that additional notice, Administrative Costs of the settlement will be $150,000 instead of $90,000. Although that will reduce by $60,000 the amount of monetary class benefits, Plaintiffs submit that this is justified by the potential benefits of the reminder notice (specifically, the fact that more Class Members may become aware of the settlement).

Third, the parties agree that Class Counsel will pay $50,000.00 from the Attorneys' Fees and Expenses Award to the law firm Lichten & Liss-Riordan, P.C. related to the attorneys' fees and costs incurred in their representation of objectors to the earlier proposed settlements in the San Diego Action and the San Francisco Action, which included an appeal to the Ninth Circuit. The portion of the Cash Pool payable to Settlement Class Members shall not be reduced by any fees or costs paid to Lichten & Liss-Riordan, P.C. from the Attorneys' Fees and Expenses Award; rather, such fees and/or costs shall be paid by Class Counsel to Lichten & Liss-Riordan P.C. from the Attorneys' Fees and Expenses Award to Class Counsel. The timing of any such fee and/or cost payments to the Lichten & Liss-Riordan firm shall be governed by Paragraphs 5.5 through 5.5.5 of the Settlement Agreement.

Finally, in consideration for securing a full and final release of all claims Objectors have alleged against Defendants, including in connection with the related lawsuits, *Hughes v. S.A.W. Entertainment, LTD* (Case No. 3:16-cv-03371-LB) and *Pera et al v. Saw Entertainment Ltd.* (Case No. 3:17-cv-00138-LB), Defendants have agreed to pay Objectors a total aggregate sum of $53,000, with anticipated payments to each Objector of between $3,500 to $10,000. In exchange for the foregoing revisions to the Settlement Agreement and as part of the individual settlements with Defendants, Objectors will agree to release their claims against Defendants, withdraw their objections to the Settlement Agreement, and opt out of the Settlement in the San Francisco and San Diego Actions (i.e., Plaintiffs will not receive compensation from this Settlement, but rather from their own individual

settlements, thereby increasing funds available for the remainder of the Class).

Class Counsel understands and anticipates that additional information about each individual settlement and payments to Objectors for the release of their claims will be provided by Objectors' Counsel and/or Defense Counsel in response to this supplemental motion.

## III. LEGAL DISCUSSION

Pursuant to recent amendments to Rule 23 of the Federal Rules of Civil Procedure, Court approval is required for a payment or other consideration provided to a class member "in connection with… foregoing or withdrawing an objection" to a proposed class settlement. FRCP 23(h)(5)(B)(i); *see also* Rule 23 Notes of Advisory Committee on 2018 Amendments. While Court approval is required, the Advisory Committee Notes state that, "[i]t is legitimate for an objector to seek payment for providing… assistance under Rule 23(h)," as "[g]ood-faith objections can assist the court in evaluating a [settlement] proposal under Rule 23(e)(2)." *Id.*

Here, while Class Counsel does not agree, and has not agreed, with the merits of the Objectors' objections, Objector's counsel contends that the objections have been made in good faith and have positively impacted and improved the settlement. Class Counsel understands and anticipates Objectors' counsel will submit briefing and/or a declaration explaining their position in response to this supplemental brief. That said, because of negotiations with Objectors' counsel—which commenced even before the March 2020 mediation resulting in this settlement and which continued in earnest since Plaintiffs filed their motion for preliminary approval—the settlement has improved.

Specifically, as a result of the continued negotiations, the Enhanced Terms of Employment have been extended for a full additional year, setting the floor on commissions Defendants must pay entertainers. Specifically, the Clubs will be required to pay entertainers a 40% commission on dance sales for a period of at least two year following Final Approval—as opposed to one year. As detailed in Plaintiffs' motion and in the declaration of C.P.A David Shindel, the Enhanced Employment Benefits have been valued at a well over $1,000,000 per year. San Francisco Action ECF No. 239 at pp. 23, 30; *see also,* San Francisco Action ECF No. 243 [Shindel Declaration] at pp. 30-31, ¶¶34, 36; *see also,* San Francisco Action ECF No. 247 at pp. 4-5 and ECF No. 249 at pp. 16-19. As a result of continued negotiations with the Objectors, ***the value of the settlement has been increased by at least $1,000,000*** as

a result of the one-year extension of the Enhanced Terms of Employment. Thus, the total value of the settlement is now at least $6,500,000 (which is the sum of monetary class benefits valued at $4,500,000, and Enhanced Employment Benefits valued at $2,000,000 or more). *See* Settlement Agreement at ¶¶ 5.1-2.

In addition, because of negotiations with Objectors, additional notice will be sent to Class Members reminding them to cash Settlement Checks and providing information to them about how to collect uncashed Settlement Checks from the California State Controller's Unclaimed Property Fund. Although this will result in additional administrative costs, the additional notice serves the important purposes of ensuring Class Members actually receive all Settlement Funds.

The negotiations resulting in these changes to the settlement were in good faith and for purposes of benefiting the class. As such, Plaintiffs respectfully request the Court to not only preliminarily approve the settlement, but also approve resolution of the Objectors' objections under FRCP 23(h)(5)(B)(i).

## IV. <u>CONCLUSION</u>

For the reasons stated in Plaintiffs' motion, as supplemented by the information above, Plaintiffs respectfully request that the Court preliminarily approve the Settlement, as well as resolution of the Objectors' objections thereto.

Date: June 1, 2022

THE TIDRICK LAW FIRM LLP

By: /s/ *Joel Young*
STEVEN G. TIDRICK
JOEL B. YOUNG

*Attorneys for Plaintiffs and the Proposed Class*