Jason J. Thompson, Esq. (*Pro Hac Vice*)
jthompson@sommerspc.com
SOMMERS SCHWARTZ, PC
One Town Square, Suite 1700
Southfield, MI 48076
Telephone: 248-784-6613
Facsimile: 248-936-2143

THE TIDRICK LAW FIRM LLP
STEVEN G. TIDRICK, SBN 224760
JOEL B. YOUNG, SBN 236662
1300 Clay Street, Suite 600
Oakland, California 94612
Telephone: (510) 788-5100
Facsimile: (510) 291-3226
E-mail:sgt@tidricklaw.com
E-mail:jby@tidricklaw.com

*Attorneys for Plaintiffs*
*and the Putative Class*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JANE ROE, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SFBC MANAGEMENT, LLC, et al.,<br><br>Defendants. | Case No. 14-cv-03616-LB<br><br>Related Case No. 19-cv-03960-LB<br><br>**DECLARATION OF JOEL B. YOUNG IN SUPPORT OF PLAINTIFFS' SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT**<br><br>The Honorable Laurel Beeler |
| JANE ROES 1 AND 2, et al.<br><br>Plaintiffs,<br><br>v.<br><br>DÉJÀ VU SERVICES, INC., et al.,<br><br>Defendants. | |

I, Joel B. Young, declare as follows:

1. I am a partner of The Tidrick Law Firm LLP, attorney of record for Plaintiffs in the *Roe v. SFBSC Management, LLC* action and co-counsel for the putative class in the above-captioned cases. I am licensed to practice before all of the courts of the State of California and various federal courts including all of the U.S. District Courts in the State of California, and the U.S. Court of Appeals for the Ninth Circuit. I have personal knowledge of the facts set forth herein and, if called as a witness, I could and would competently testify thereto.

2. As the result of continued negotiations with several objectors to the settlement, and their counsel Lichten & Liss-Riordan LLP, the proposed settlement agreement in the above-referenced actions has been amended. Attached hereto as **Exhibit 1** is a true and correct copy of the Amendment to Release and Settlement Agreement.

3. Attached hereto as **Exhibit 2** is a chart that reflects settlement related deadlines, as requested in the Court's April 20, 2022 order (ECF No. 257).

I declare under penalty of perjury that the foregoing is true and correct. Executed on June 1, 2022.

JOEL B. YOUNG, SBN 236662

# Exhibit 1

**IN THE UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

JANE ROE, et al.,

Plaintiffs,

v.

SFBC MANAGEMENT, LLC, et al.,

Defendants.

JANE ROES 1 AND 2, et al.

Plaintiffs,

v.

DÉJÀ VU SERVICES, INC., et al.,

Defendants.

Case No. 14-cv-03616-LB

Related Case No. 19-cv-03960-LB

**AMENDMENT TO RELEASE AND SETTLEMENT AGREEMENT**

The Honorable Laurel Beeler

On February 11, 2022, Plaintiffs in *Roe v. SFBSC Management, LLC*, Case 3:14-cv-03616-LB (the "San Francisco Action"),[1] filed a motion for preliminary approval of a settlement reached by the parties in the San Francisco Action and in *Jane Roe 1 and 2 v. Deja Vu Services, Inc., et al.*, Case No. 19-cv-03960-LB (the "San Diego Action," together with the San Francisco Action being the "Actions"). San Francisco Action ECF No. 239. The motion for preliminary approval in the San Diego Action was filed on March 7, 2022. San Diego Action ECF No. 107. On February 25, 2022 and March 21, 2022, objections to the proposed settlement were filed by several class members represented by Lichten & Liss-Riordan, P.C.[2] *See,* San Francisco Action ECF No. 244; San Diego Action ECF No. 109.

After extensive negotiations between the parties, an agreement has been reached improve the terms of the proposed settlement, which will resolve the objections to the Release and Settlement Agreement in the Actions.

The amendments include a change to paragraph 9.1 of the Release and Settlement Agreement to extend the provision of the Enhanced Terms of Employment from one year to two years after the Final Approval Date, as follows:

> 9.1 Conversion of Class Members and Entertainers to Employees. As a result of the filing of the San Diego Action and settlement negotiations to resolve the same undertaken between and among the plaintiffs thereof and the Defendants, the Clubs agreed to convert all Class Members who were a party to a Dancer Contract with any one of the Clubs (and who desired to continue to Perform at that Club) to, and to treat all Entertainers who would be Performing in their facilities in the future as, employees in accordance with applicable law. Pursuant to this Settlement and a prior iteration of it in the San Diego Action memorialized as the San Diego Settlement, such conversion has already taken place, with the conversion process having been completed by November 16, 2018. For Settlement Class Members and for other Entertainers who commence or commenced Performing at a Club after the end of the Class Periods, their employment has been on monetary terms that are at least as favorable as

[1] Defined terms used throughout this Amendment to Release and Settlement Agreement have the same meaning as those defined terms in the Release and Settlement Agreement.

[2] Although they overlap, the groups of objectors in the San Francisco Roe Action and the San Diego Roe Action are not identical. The objectors in the San Francisco Roe Action are: Angelynn Hermes, Nichole Hughes, Devon Locke, Poohrawn Mehraban, Sarah Murphy, Penny Nunez, Elana Pera, Gypsy Vidal, Tiffany Zoumer, and Diana Tejada.

The objectors in the San Diego Roe Action are: Rashele Hamren, Angelynn Hermes, Nicole Hughes, Poohrawn Mehraban, Sarah Murphy, Penny Nunez, Elana Pera, and Gypsy Vidal.

> specified for employee-Entertainers in the Limited National Settlement (§ 8.20 thereof, but with 40% dance fee commissions) for the Greater California Clubs and in the San Francisco Settlement (§139 thereof, but with 40% dance fee commissions) for the San Francisco Clubs (collectively, the "Enhanced Terms of Employment"); with these Enhanced Terms of Employment being available to those qualified individuals through at least the ~~one (1)~~ second (2nd) year anniversary after the Final Approval Date, subject to Section 9.10, which permits for conversion to non-employee status if permitted by changes in the law. In such case, the monetary compensation paid by the Clubs to qualified individuals shall not be less, if conversion occurs during such one (1) year period, than what would be afforded under the Enhanced Terms of Employment in this Section 9.1. Irrespective of anything contained in this Agreement to the contrary, the Enhanced Terms of Employment provided for in this Agreement and in the Limited National Settlement shall not be binding upon any legitimate third-party successor of any of the Defendants.

An additional improvement is that the Parties agree that, in addition to the Class Notices and Class Notice procedures set forth in the Settlement Agreement, the Settlement Administrator shall mail a reminder notice to Settlement Class Members no later than 90 days after the third installment payment, or Third Cash Payment (as outlined in Paragraphs 5.5 through 5.5.5), reminding Settlement Class Members to cash their Settlement Checks and advising that, if Settlement Class Members fail to timely cash their Settlement Checks, said monies will be delivered to the California State Controller's Unclaimed Property Fund with instructions as to how to search for and claim such funds.

After further consultation with the Settlement Administrator, it is estimated the Administrative Costs of the settlement will be $150,000 instead of $90,000, and the parties agree to amend Paragraphs 2.54 and 5.2(a)(iv) to reflect this updated estimate. The Administrative Costs shall be paid from the Cash Pool—specifically, from the Initial Cash Pool Deposit set forth in Paragraph 5.3(b), which is being held in the trust of account of Defendants' attorney Bradley Shafer of Shafer & Associates P.C. pending preliminary approval of the Settlement and this Court's appointment of the Settlement Administrator. Nothing in this Amendment to Release and Settlement Agreement shall be construed as increasing the amount of the Cash Pool Defendants have agreed to pay under the Settlement Agreement.

Finally, the parties agree that Class Counsel will pay $50,000.00 from the Attorneys'

Fees and Expenses Award to the law firm Lichten & Liss-Riordan, P.C. related to the attorneys' fees and costs incurred in their representation of objectors to the earlier proposed settlements in the San Diego Action and the San Francisco Action, which included a successful appeal to the Ninth Circuit. The portion of the Cash Pool payable to Settlement Class Members shall not be reduced by any fees or costs paid to Lichten & Liss-Riordan, P.C. from the Attorneys' Fees and Expenses Award; rather, such fees and/or costs shall be paid by Class Counsel to Lichten & Liss-Riordan P.C. from the Attorneys' Fees and Expenses Award to Class Counsel. The timing of any such fee and/or cost payments to the Lichten & Liss-Riordan firm shall be governed by Paragraphs 5.5 through 5.5.5 of the Settlement Agreement.

The parties further agree: (a) to file a supplement to the motion for preliminary approval pursuant to FRCP 23(e)(3) to identify the amendments to the settlement agreement described herein; (b) pursuant to FRCP 23(e)(5)(B)(i) the parties will seek Court approval of their settlement; and (c) all objectors represented by Lichten & Liss-Riordan, P.C. shall formally withdraw their objections and/or opposition to the prior version of the Release and Settlement Agreement (San Francisco Action ECF No. 244 and San Diego Action ECF No. 109) and, if approved, will opt-out of the Settlement in the Actions.

Class Counsel and Defense Counsel expressly represent that they have fully informed their clients who signed the Release and Settlement Agreement of the terms of this Amendment to Release and Settlement Agreement and its effect on the Release and Settlement Agreement and have their consent and authority to enter into this Amendment to Release and Settlement Agreement on their behalf, and that Class Counsel, Defense Counsel, and their clients who signed the Release and Settlement Agreement agree to be bound by the terms of this Amendment to Release and Settlement Agreement. Class Counsel and Defense Counsel further agree that this Amendment to Release and Settlement agreement shall be enforceable pursuant to California Code of Civil Procedure § 664.6.

Dated: June 1, 2022

LONG & LEVIT LLP

/s/ *Shane M. Cahill*
DOUGLAS J. MELTON, SBN 161353
SHANE M. CAHILL, SBN 227972
Attorneys for Defendants
SFBSC MANAGEMENT, LLC and the SAN FRANCISCO NIGHTCLUBS

Dated: June 1, 2022

THE TIDRICK LAW FIRM LLP

/s/ *Joel B. Young*
STEVEN G. TIDRICK, SBN 224760
JOEL B. YOUNG, SBN 236662
Attorneys for Plaintiffs JANE ROES 1-21 in Case No. 14-cv-03616-LB

Dated: June 1, 2022

SOMMERS SCHWARTZ, P.C.

/s/ *Jason J. Thompson*
JASON J. THOMPSON
JESSE YOUNG
Attorneys for Plaintiffs JANE ROE NO. 1 and 2 in Case No. 19-cv-03960-LB

Dated: June 1, 2022

NELSON MULLINS

/s/ *Tammara N. Bokmuller*
TAMMARA N. BOKMULLER
Attorneys for Defendants Déjà Vu Services, Inc., Harry Mohney, Grapevine Entertainment, Inc. d/b/a Déjà Vu Showgirls; Nite Life East, LLC d/b/a Little Darlings; Coldwater, LLC d/b/a Deja Vu Showgirls; 3610 Barnett Ave., LLC d/b/a Adult Superstore; Jolar Cinema of San Diego, Ltd. d/b/a Jolar Cinema Showgirls; Showgirls of San Diego, Inc. d/b/a Deja Vu Showgirls; Stockton Enterprises, LLC d/b/a Deja Vu Showgirls; Cathay Entertainment, Inc.; and, Eyefull, Inc. d/b/a Déjà Vu Showgirls in JANE ROE NO. 1 and 2 in Case No. 19-cv-03960-LB

Dated: June 1, 2022

PITT MCGEHEE PALMER & RIVERS, P.C.

/s/ *Megan A. Bonanni*
MEGAN A. BONANNI
Co-Class Counsel for Plaintiffs JANE ROE NO. 1 and 2 in Case No. 19-cv-03960-LB

**ATTTESTATION PURSUANT TO N.D. CAL. LOCAL RULE 5-1**

Pursuant to N.D. Cal. Local Rule 5-1(i)(3), I attest that concurrence in the filing of the document has been obtained from each of the other Signatories. I declare under penalty of perjury that the foregoing is true and correct.

Dated: June 1, 2022

LONG & LEVIT LLP

*/s/ Shane M. Cahill*

DOUGLAS J. MELTON, SBN 161353
SHANE M. CAHILL, SBN 227972
Attorneys for Defendants
SFBSC MANAGEMENT, LLC and the SAN FRANCISCO NIGHTCLUBS

# Exhibit 2

**_Roe v. SFBSC Management, LLC_ (Case No. 14-cv-03616-LB) and _Roes 1 and 2 v. Déjà Vu Services, et al_ (Case No. 19-cv-03960-LB)**

**Table of settlement-related deadlines**

| Event | Deadline | Settlement ¶ / Authority |
|---|---|---|
| Deadline for Defendants to fund Notice and Administrative Fund | 5 business days after Preliminary Approval | Para. 5.3(a) |
| Deadline for Defendants to provide class data to Settlement Administrator | Within 30 days of Preliminary Approval | Para. 4.1 |
| Deadline for Class Counsel to provide Settlement Administrator with a website address for posting of settlement information | Within 30 days of Preliminary Approval | Para. 4.3 |
| Deadline for Settlement Administrator to mail Notice Packet to Class Members (i.e., "**Notice Date**")<br><br>Deadline for Defendants to display 4 copies of Posted Notice in each Club's Entertainer dressing room (to be displayed for at least 90 days after the date of filing of the Final Approval motion)<br><br>Deadline for Settlement Administrator to post the Website Notice on the settlement website<br><br>Deadline for Settlement Administrator to effectuate posting of the Electronically Posted Notice on StripperWeb.com (with weekly postings for 8 weeks)<br><br>Deadline for Settlement Administrator to effectuate posting of the Social Media Notice | Within 20 days of receipt of class data from Defendants (i.e., no later than 50 days after Preliminary Approval) | Paras. 4.1, 4.4, 4.6, 4.7, 4.8, 4.9 |
| Exclusion/Objection Deadline (i.e., deadline to object or opt-out of the Settlement) | TBD by Court in Preliminary Approval Order | Paras. 2.38 and 11.2 |
| Deadline for Settlement Administrator to effectuate Reminder Notices | No later than 30 days before expiration of the Opt-Out Period | Para 4.10 |

| | | |
|---|---|---|
| Dance Fee Payment Election Period | 60 days from the Notice Date; i.e., at least 110 days following Preliminary Approval | Para. 2.25 |
| Deadline for Settlement Administrator to Class Counsel and Defense Counsel all Dance Fee Payment Election Forms | 30 days after expiration of the Dance Fee Payment Election Period (i.e., no later than 140 days after preliminary approval) | Para. 4.13 |
| Deadline to file Due Diligence Declaration from Settlement Administrator | No later than 30 days after effectuation of Reminder Notice | Para. 4.14 |
| Deadline for Settlement Administrator to provide settlement payment calculations to Class Counsel and Defense Counsel | Within 20 days of the Exclusion/Objection Date | Para. 6.3.3 |
| Deadline for Defendants to pay Initial Cash Pool Deposit | March 1, 2022 | Para. 5.3(b) |
| Deadline for Defendants to pay Second Cash Pool Deposit | March 1, 2023 | Para. 5.3(b) |
| Deadline for Defendants to pay Final Cash Pool Deposit | March 1, 2024 | Para. 5.3(b) |
| Deadline for Defendants to pay or fund the Unpaid Dance Fee Pool | March 1, 2024, if the Dance Fee Payment Period has ended by then; if not, within 30 days of the expiration of the Dance Fee Payment Collection Period | Para. 5.3(c) |
| First Cash Payment from the Cash Pool (No Appeal)[1] | A reasonable time following the Effective Date (originally set for April 1, 2022, i.e., 30 days following Defendants' payment of the Initial Cash Pool Deposit) | Paras. 5.5.1 and 5.5.2 |
| Second Cash Payment from the Cash Pool (No Appeal) | April 1, 2023 (i.e., within 30 days of Defendants' payment of the Second Cash Pool Deposit, which is scheduled for March 1, 2023) | Para. 5.5.2 |
| Third (Final) Cash Payment (No Appeal) | April 1, 2024 (i.e., within 30 days of the Final Cash Pool Deposit, which is scheduled for March 1, 2023) | Para. 5.5.2 |

[1] The First, Second, and Third Cash Payments from the Cash Pool may be delayed in the event an appeal is taken from the Judgment. *See* Paras. 5.5.3 through 5.5.5.

| | | |
|---|---|---|
| Deadline for Settlement Administrator to effectuate Reminder Notices per Amendment to Settlement Agreement | No later than 90 days after the Third Cash Payment | Amendment to Settlement Agreement |
| Deadline for Settlement Administrator to distribute Settlement Checks for any balance owed to Dance Fee Claimants | Within 30 days of the Final Cash Pool Deposit, or within 30 days of the Effective Date, whichever is later | Para. 7.1 |
| Deadline for Settlement Administrator to pay unpaid amounts from the Dance Fee Pool after expiration of the Dance Fee Payment Collection Period | Within 30 days of expiration of the Dance Fee Payment Collection Period, which is 1 year after the Effective Date. | Paras. 7.6 and 2.23 |
| Deadline to Submit CAFA Notice | 90 days before Final Approval of Settlement | 28 USC § 1715(d) |
| Deadline to file motion for final approval of settlement | TBD | |
| Deadline to file motion for approval of attorneys' fees and costs | TBD | |
| Final Fairness / Approval Hearing | TBD | |
| Deadline for Class Counsel to notify LWDA of settlement | Within 10 days of entry of the Judgment and Final Approval Order | Para. 3.10 |