DOUGLAS J. MELTON, Bar No. 161353
SHANE M. CAHILL, Bar No. 227972
LONG & LEVIT LLP
465 California Street, Suite 500
San Francisco, California 94104
Telephone: (415) 397-2222
Facsimile: (415) 397-6392
Email: dmelton@longlevit.com
scahill@longlevit.com

Attorneys for SFBSC Management, LLC and
the San Francisco Defendants

**IN THE UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JANE ROE, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SFBC MANAGEMENT, LLC, et al.,<br><br>Defendants. | Case No. 14-cv-03616-LB<br><br>Related Cases: 16-cv-03371-LB<br>17-cv-00138-LB<br>17-cv-05288-LB<br>17-cv-06971-LB<br>19-cv-03960-LB<br><br>**RESPONSE TO THE OBJECTION OF CLASS MEMBERS LAPASIA COLBERT AND MACKENZIE BANKS**<br><br>The Honorable Laurel Beeler |
| JANE ROES 1 AND 2, et al.<br><br>Plaintiffs,<br><br>v.<br><br>DÉJÀ VU SERVICES, INC., et al.,<br><br>Defendants. | |

## INTRODUCTION

Defendants SFBSC Management, LLC ("SFBSC") and the San Francisco Nightclubs hereby respond to the objection of class members Lapasia Colbert and Mackenzie Banks ("Objectors") filed on October 10, 2022. San Francisco Action ECF No. 273. Objectors argue Bijou-Century, LLC dba New Century Theater ("Bijou") should not be a released party because it filed for bankruptcy and did not seek to have the automatic stay lifted. Objectors' objection fails for several reasons.

As detailed below, Objectors cannot establish that Bijou's inclusion in the release following its bankruptcy filing will alter the settlement in any way vis-à-vis any class member. Indeed, non-bankrupt Defendants will fully fund the settlement and ensure entertainers who performed at Bijou will be fully compensated consistent with the terms of the settlement agreement. Moreover, well-established precedent allows for the non-bankrupt Defendants to fund the settlement on Bijou's behalf and secure its release. There is nothing unusual about this arrangement; and Objectors cite no legal authorities precluding the Court from approving the settlement with Bijou as a released party.

For these reasons, as discussed further below, the Court should reject Objectors' objection, and grant final approval of the settlement in the *Roes* actions.

## BACKGROUND

As the Court is well aware, this matter involves the settlement of two putative class and collective actions – *Roe v. SFBSC Management, LLC,* No. 14-cv-03616-LB (the "San Francisco Action"), and *Roe 1 and 2 v. Déjà Vu Services, Inc.*, No. 19- cv-03960-LB (the "San Diego Action") (collectively the "Roes Actions"). The plaintiffs are former exotic dancers who performed at various adult nightclubs in San Francisco and other California locations.

The San Francisco Action was the first lawsuit filed on August 8, 2014, against management company SFBSC. San Francisco Action ECF No. 1. Throughout the action, Plaintiffs have alleged that SFBSC "employed and/or jointly employed all exotic dancers working at the Nightclubs…." San Francisco Action ECF No. 11 at pp. 5-7, ¶¶13-18; San Francisco Action

LONG & LEVIT LLP
465 CALIFORNIA STREET
5TH FLOOR
SAN FRANCISCO
CALIFORNIA 94104

ECF No. 239-1 at p. 160, ¶26 and generally at ¶¶25-30.[1] Bijou is one of the SFBSC-managed Nightclubs and a released party under the terms of the proposed settlement agreement. San Francisco Action ECF No. 249-3 at p. 2, ¶3; San Francisco Action ECF No. 239-1 at p. 152.

The proposed settlement agreement resolving the *Roes* Actions was executed between June and September 2021. ECF No. 239-1 at pp. 118-150 (signature pages). Under its terms, all Defendants are jointly and severally obligated to fund the cash and dance-fee components of the settlement from which class members will be compensated. See ECF 239-1 at p. 80, ¶5.3 ("the Cash Pool shall be funded by the Defendants….") and p. 87 at ¶7.1. If one Defendant goes out of business or files for bankruptcy, the remaining Defendants must fully fund the settlement. *Id.*

Well after execution of the proposed settlement agreement, Bijou filed for bankruptcy on March 13, 2022. San Francisco Action ECF No. 108. Bijou notified this Court of its bankruptcy filing on March 18, 2022, stating that, while the bankruptcy filing operated to stay continuation of the action against Bijou, it did not stay the action as to the non-bankrupt parties. San Diego Action ECF No. 108; *see also,* 11 U.S.C. § 362(a); *see also United States v. Dos Cabezas Corp.* 995 F.2d 1486, 1491 (9th Cir. 1993) ("the automatic stay does not extend to actions against parties other than the debtor….").

On March 31, 2022, the parties filed a Joint Case Management Statement further addressing Bijou's bankruptcy stating:

> On March 13, 2022, Bijou-Century, LLC dba New Century Theater—a defendant in the San Diego Roes action and a putative defendant in the proposed Amended Complaint for Settlement purposes in the San Francisco Roes action—filed for Chapter 11 bankruptcy. On March 18, 2022, Defendants' counsel filed a notice alerting the Court of the bankruptcy filing. <u>Defendants' counsel does not anticipate Bijou-Century's bankruptcy filing having an impact on the remaining Defendants' ability to fully fund the settlement</u>.

San Francisco Action ECF No. 250 at 7:16-21 (emphasis added).

Since Bijou filed for bankruptcy, no judicial proceedings in the Roes Actions have been taken "against" Bijou. Indeed, given the continued involvement of the numerous other non-bankrupt Defendants, all the activity in the *Roes* Actions since Bijou filed for bankruptcy—i.e.,

[1] Page number references are to the ECF stamped page numbers.

litigation related to the motions for preliminary and final approval of the settlement and administration thereof—would have occurred regardless of Bijou's bankruptcy filing.

## ARGUMENT

While class members may object to a proposed settlement, the objection "must state whether it applies only to the objector, to a specific subset of the class, or to the entire class, and must also state with specificity the grounds for the objection." Fed.R.Civ.P. 23(e)(5). Such objections should have a legal or factual basis. *See,* 1 Federal Class Action Deskbook § 6.07 (2021). Objectors' objection fails in all respects.

First, the objection fails to specify to whom it applies, or who is (or will be) adversely affected by Bijou's inclusion as a released party following its bankruptcy filing. The fact is, <u>no one is or will be adversely affected</u>. Bijou's bankruptcy has had, and will have, <u>no impact</u> on the settlement. As noted, under the terms of the settlement, all Defendants are jointly and severally responsible for its funding.[2] There is nothing improper about this, as "nothing in the Bankruptcy Code prevents a non-debtor from paying a debtor's debts…." *See, In re Graves Farms*, 2019 Bankr. LEXIS 2331, at *12 (Bankr.D.Kan. July 26, 2019, Nos. 18-10893, 19-10064, 19-10982). As such, the settlement will be fully funded by the remaining Defendants notwithstanding Bijou's bankruptcy and class members who performed at Bijou will fully benefit from the settlement just as if Bijou had not filed for bankruptcy protection.

As to the non-monetary aspect of the settlement (i.e., the "Changed Business Practices" under Section IX), Bijou fully complied and in late 2018 ceased offering entertainers the option of performing as independent contractors. San Francisco Action ECF No. 249-3 at p. 4, ¶12. Bijou will continue to comply with the terms of the settlement and follow these practices.

In short, Objector's objection does not apply to any portion of the class as no class members are affected by Bijou's bankruptcy. If, on the other hand, Bijou were excluded from the

[2] Beyond Bijou's bankruptcy, other clubs, such as Chowder House, Inc., dba Hungry I, Déjà Vu Showgirls of San Francisco, LLC, dba Little Darlings, and San Francisco – Roaring 20's, LLC, dba Roaring 20's, have ceased operations over the last several years. San Francisco Action ECF No. 249-3 at p.2, ¶3 and ECF No. 250 at 6:26-7:1. Because of the joint and several nature of the funding obligations under the settlement agreement, however, entertainers who performed at these clubs will benefit from the settlement through the contribution of the remaining Defendants.

settlement, entertainers who performed there would stand to lose benefits under the settlement to which they would otherwise have been entitled. Such a result would unquestionably be against the best interests of a subset of the class.

Objector's objection also lacks a legal and factual basis. Objectors cite no authority to support their argument for Bijou's exclusion from the release. Rather, they simply argue that Bijou, as a non-contributing party, should not benefit from the release.

But there is nothing unusual about one defendant procuring a release for the benefit of a non-paying defendant/entity. *In re September 11 Litig. World*, 723 F.Supp.2d 534, 545, fn. 10 (S.D.N.Y. 2010). Indeed, "procuring of releases by settling parties, in favor of non-settling parties, is not uncommon in large, multi-party cases." *Id.* (further stating, "There are practical reasons to procure such releases, if only to end exposures, cross-claims and continuing discovery obligations should litigation against non-paying parties continue."); *see also*, *Eisen, supra*, at *26-27 ("No defendant would agree to a release that permitted plaintiffs to continue to initiate litigation against individuals or entities related to the defendant."). And it is well settled that "[r]eleases of non-parties in class action settlements are readily approved and enforced." *Eisen v. Porsche Cars N. Am., Inc.*, 2014 U.S.Dist.LEXIS 14301, at *26-27 (C.D.Cal. Jan. 30, 2014, No. 2:11-cv-09405-CAS-FFMx); *Moralez v. Whole Foods Mkt.*, 897 F.Supp.2d 987, 995 (N.D.Cal. 2012).

Here, the non-bankrupt contributing Defendants—including SFBSC, which is alleged to be jointly liable for Bijou's alleged wage violations–certainly have an interest in funding the settlement on Bijou's behalf and securing a release of claims to cut off their own potential joint liability. As noted, Objectors provide no explanation, much less legal authority, as to why this is prohibited. To the contrary, the authorities above establish the run-of-the-mill propriety of Defendants resolving the claims against Bijou on its behalf and securing it as a released party.

Finally, Objectors provide no explanation, and cite no authorities, for their argument that a motion to lift the stay should be a prerequisite for Bijou to be named in the release. Such a motion would have simply allowed the Plaintiffs in this action to continue litigating against Bijou. But everything that has happened in this case since Bijou filed for bankruptcy protection would have happened regardless of whether the bankruptcy stay was lifted. Given the numerous non-bankrupt

parties who remain in the action, the approval process and administration of the settlement have proceeded exactly as they would have.

**CONCLUSION**

Objectors' objection lacks a legal and factual basis because Bijou's bankruptcy has not altered the settlement in any way vis-à-vis any class member. Nothing prohibits the non-bankrupt Defendants from contributing to the settlement on Bijou's behalf and securing it as a released party. As such, the Court should reject Objectors' objection and grant final approval of the proposed settlement.

Dated: November 14, 2022

LONG & LEVIT LLP

*/s/ Shane M. Cahill*

DOUGLAS J. MELTON, SBN 161353
SHANE M. CAHILL, SBN 227972
Attorneys for Defendants
SFBSC MANAGEMENT, LLC and the SAN FRANCISCO NIGHTCLUBS