DOUGLAS J. MELTON, Bar No. 161353
SHANE M. CAHILL, Bar No. 227972
LONG & LEVIT LLP
465 California Street, Suite 500
San Francisco, California 94104
Telephone: (415) 397-2222
Facsimile: (415) 397-6392
Email: dmelton@longlevit.com
scahill@longlevit.com

Attorneys for SFBSC Management, LLC and
the San Francisco Defendants

**IN THE UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JANE ROE, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SFBSC MANAGEMENT, LLC, et al.,<br><br>Defendants. | Case No. 14-cv-03616-LB<br><br>Related Cases: 16-cv-03371-LB<br>17-cv-00138-LB<br>17-cv-05288-LB<br>17-cv-06971-LB<br>19-cv-03960-LB<br><br>**UPDATE RE AMENDMENT TO RELEASE AND SETTLEMENT AGREEMENT**<br><br>The Honorable Laurel Beeler |
| NICOLE HUGHES, et al.<br><br>Plaintiffs,<br><br>v.<br><br>S.A.W. ENTERTAINMENT, LTD., et al.,<br><br>Defendants. | |
| ELANA PERA, et al.<br><br>Plaintiffs,<br><br>v.<br><br>S.A.W. ENTERTAINMENT, LTD., et al.,<br><br>Defendants. | |

| |
|---|
| POOHRAWN MEHRABAN,<br>Plaintiffs,<br>v.<br>BT California, LLC, et al.,<br>Defendants. |
| ELAINE GOMEZ-ORTEGA, et al.<br>Plaintiffs,<br>v.<br>DÉJÀ VU – SAN FRANCISCO, LLC, et al.,<br>Defendants. |
| JANE ROES 1 AND 2, et al.<br>Plaintiffs,<br>v.<br>DÉJÀ VU SERVICES, INC., et al.,<br>Defendants. |

Pending before this Court are the Plaintiffs' motion for final approval of a proposed class-action settlement in *Roe v. SFBSC Management, LLC,* Case 3:14-cv-03616-LB (the "San Francisco Action") and in *Jane Roe 1 and 2 v. Deja Vu Services, Inc., et al.,* Case No. 19-cv-03960-LB (the "San Diego Action," together with the San Francisco Action being the "Actions"). San Francisco Action ECF No. 269. This supplemental brief is to update the Court regarding the settlements reached with several former class members represented by Lichten & Liss-Riordan, P.C. ("Objectors"),[1] as detailed in Plaintiffs' Supplemental Brief in Support of Motion for Preliminary Approval Settlement. San Francisco Action ECF No. 263.

As set forth therein, after extensive negotiations between the parties, an agreement was reached to improve the terms of the proposed settlement and resolve the Objectors' objections thereto—as well as what remains of the Objectors' claims in the related actions, *Hughes v. S.A.W. Entertainment, LTD*, Case No. 3:16-cv-03371-LB and *Pera et al v. Saw Entertainment Ltd.*, Case No. 3:17-cv-00138-LB. Specifically, the proposed settlement was amended to extend the provision of the Enhanced Terms of Employment from one year to two years after the Final Approval Date, and the Class Notice procedures were improved to include a further reminder notice to class members. San Francisco Action ECF No. 263 at pp. 2-3, and No. 263-1 at Ex. 1 ("Amendment to Release and Settlement Agreement"); *see also*, San Francisco Action ECF No. 265 and 266 (Objector's withdrawal of objections and Declaration of Liss-Riordan re Improvements to Proposed Class Action Settlement).

Since then, each of the Objectors have withdrawn any prior objections as moot (San Francisco Action ECF No. 266), excluded themselves from the settlement class in the Roes Actions, and entered into settlement agreements to resolve all remaining claims they may have against the Defendants in connection with the San Francisco and San Diego Actions, as well as in the *Hughes* and *Pera* cases. Attached as **Exhibit 1** is an exemplar settlement agreement entered

---

[1] Although they overlap, the groups of objectors in the San Francisco Roe Action and the San Diego Roe Action are not identical. The objectors in the San Francisco Roe Action are: Angelynn Hermes, Nichole Hughes, Devon Locke, Poohrawn Mehraban, Sarah Murphy, Penny Nunez, Elana Pera, Gypsy Vidal, Tiffany Zoumer, and Diana Tejada.

The objectors in the San Diego Roe Action are: Rashele Hamren, Angelynn Hermes, Nicole Hughes, Poohrawn Mehraban, Sarah Murphy, Penny Nunez, Elana Pera, and Gypsy Vidal.

into with Objector Nicole Hughes. Similar agreements were entered into with each Objector containing nearly identical terms.[2]

The settlement amounts are as follows:

- Elana Pera $3,500.00
- Sarah Murphy $3,500.00
- Gypsy Vidal $3,500.00
- Penny Nunez $3,500.00
- Poohrawn Mehraban $3,500.00
- Nicole Hughes $3,500.00
- Angelynn Hermes $3,500.00
- Tiffany Zoumer $3,500.00
- Rashele Hamren $7,500.00
- Devon Locke $7,500.00
- Diana Tejada $10,000.00[3]

There is some variation in the amounts because some of the individuals above had already executed a release with Defendants as part of a prior individual settlement in arbitration, while others had more substantial "live" claims that they intended to pursue in a future case upon opting out of the Roes Actions. Importantly, counsel for the former Objectors is not receiving any attorneys' fees from the settlement amounts above.

The settlement funds for the resolution of Objectors' claims are not being paid from the proposed class-action settlement in the Actions. The settlements will be funded separately by Defendants.

[2] The names of the parties to each agreement were amended as needed for each Objector. As each agreement is materially the same, the parties have not filed all the agreements with the Court, but will do so if the Court would like to review them.

[3] The total settlement amount is $53,000, as set forth in Plaintiffs' Supplemental Brief in Support of Motion for Preliminary Approval. San Francisco Roe Action ECF No. 263 at 3:23-24.

As a result of resolution of the Objectors' claims and the negotiated improvements to the settlement, Objectors withdrew their objections on June 15, 2022 (San Francisco Action ECF No. 266), and opted out of the settlement on October 17, 2022.

Dated: November 15, 2022

LONG & LEVIT LLP

*/s/ Shane M. Cahill*
DOUGLAS J. MELTON, SBN 161353
SHANE M. CAHILL, SBN 227972
Attorneys for Defendants
SFBSC MANAGEMENT, LLC and the SAN FRANCISCO NIGHTCLUBS

Dated: November 15, 2022

LICHTEN & LISS-RIORDAN, P.C.

*/s/ Shannon Liss-Riordan*
SHANNON LISS-RIORDAN
Attorneys for Objectors and Plaintiffs in HUGHES V. S.A.W. ENTERTAINMENT, LTD., et al., Case No. 16-cv-03371-LB, Plaintiffs in and PERA ET AL V. SAW ENTERTAINMENT LTD., Case No. 3:17-cv-00138-LB, and Intervenors in JANE ROE NO. 1 AND 2 in Case No. 19-cv-03960-LB

**ATTESTATION PURSUANT TO N.D. CAL. LOCAL RULE 5-1**

Pursuant to N.D. Cal. Local Rule 5-1(i)(3), I attest that concurrence in the filing of the document has been obtained from each of the other Signatories. I declare under penalty of perjury that the foregoing is true and correct.

Dated: November 15, 2022

LONG & LEVIT LLP

*/s/ Shane M. Cahill*

DOUGLAS J. MELTON, SBN 161353
SHANE M. CAHILL, SBN 227972
Attorneys for Defendants
SFBSC MANAGEMENT, LLC and the SAN FRANCISCO NIGHTCLUBS

# EXHIBIT 1

# SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("SETTLEMENT AGREEMENT") is made by and between NICOLE HUGHES, on the one hand, and Gold Club—SF, LLC; S.A.W. Entertainment, LTD dba Larry Flynt's Hustler Club; and SFBSC Management, LLC, on the other hand.

## DEFINITIONS

For purposes of this SETTLEMENT AGREEMENT, the terms below have the following meanings:

A. "PLAINTIFF" means NICOLE HUGHES.

B. "DEFENDANTS" means Gold Club—SF, LLC; S.A.W. Entertainment, LTD dba Larry Flynt's Hustler Club; and, SFBSC Management, LLC.

C. "PARTIES" means the parties to this SETTLEMENT AGREEMENT: PLAINTIFF and DEFENDANTS.

D. The "LITIGATION" means the lawsuits entitled *Hughes v. S.A.W. Entertainment, LTD,* N.D. Cal. Case No. 3:16-cv-03371-LB ("the Hughes Action") and *Jane Roe No. 1 and 2 et al v. Deja Vu Services, Inc. et al.*, N.D. Cal. Case No. 3:19-cv-03960-LB ("the Roes 1 and 2 Action").

E. The "ROES SETTLEMENT" means the Settlement Agreement reached in *Roe v. SFBSC Management, LLC*, Northern District of California Case 3:14-cv-03616-LB, and *Jane Roe 1 and 2 v. Deja Vu Services, Inc., et al.*, Northern District of California Case No. 19-cv-03960-LB (collectively referred to as the "ROES ACTIONS").

F. "ROES DEFENDANTS" means the Defendants in the ROES ACTIONS, including, Bijou-Century, LLC d/b/a New Century Theater; BT California, LLC d/b/a The Penthouse Club & Steakhouse; Chowderhouse, Inc., d/b/a Hungry I; Deja Vu-San Francisco, LLC d/b/a Centerforlds; Deja Vu Showgirls of San Francisco, LLC d/b/a Little Darlings of San Francisco; Gold Club-SF, LLC d/b/a Gold Club; S.A.W. Entertainment, Ltd., d/b/a Hustler San Francisco and the Condor Club; San Francisco Garden of Eden, LLC d/b/a Garden of Eden; San Francisco Roaring 20's, LLC d/b/a Roaring 20's; SFBSC Management, LLC; Déjà Vu Services, Inc.; Harry Mohney; Grapevine Entertainment, Inc. d/b/a Déjà Vu Showgirls; Nite Life East, LLC d/b/a Little Darlings; Coldwater, LLC d/b/a Deja Vu Showgirls; 3610 Barnett Ave., LLC d/b/a Adult Superstore; Jolar Cinema of San Diego, Ltd. d/b/a Jolar Cinema Showgirls; Showgirls of San Diego, Inc. d/b/a Deja Vu Showgirls; Stockton Enterprises, LLC d/b/a Deja Vu Showgirls; Cathay Entertainment, Inc.; SP Start Enterprise, Inc.; and, Eyefull, Inc. d/b/a Déjà Vu Showgirls.

G. The "EFFECTIVE DATE" of this SETTLEMENT AGREEMENT will be fourteen (14) days after entry of an order granting final approval of the ROES SETTLEMENT

and after all contingencies have been satisfied, as set forth in paragraph 10.

## RECITALS

1. Expect as stated herein, the PARTIES desire to settle any and all claims PLAINTIFF has, or claims to have, against DEFENDANTS and the ROES DEFENDANTS as alleged in the LITIGATION and/or the ROES ACTIONS that were not resolved in connection with previous arbitration proceedings brought by PLAINTIFF (if any), including, but not limited to, any claims for alleged retaliation, misclassification as an independent contractor, unpaid wages or overtime pay, penalties, liquidated damages, or attorneys' fees, as well as any claims arising out of or related to the claims alleged in the LITIGATION and/or the ROES ACTIONS or which could have been alleged in the LITIGATION and/or the ROES ACTIONS, up to and including the EFFECTIVE DATE of this SETTLEMENT AGREEMENT.

2. The PARTIES desire to memorialize the terms of such settlement in this SETTLEMENT AGREEMENT as hereinafter set forth.

## TERMS

### 3. No Admission of Fault, Liability, or Wrongdoing

The PARTIES to this SETTLEMENT AGREEMENT are entering into this SETTLEMENT AGREEMENT voluntarily and solely for the purpose of avoiding litigation. This SETTLEMENT AGREEMENT is the result of a compromise and by entering into this SETTLEMENT AGREEMENT, or by agreeing to pay any sum of money or to provide any other form of consideration for the execution of this SETTLEMENT AGREEMENT, no party is admitting any fault, liability or wrongdoing, or any matter of fact (including as to the alleged value of PLAINTIFF's claims or alleged damages), nor shall this SETTLEMENT AGREEMENT ever be construed as such. DEFENDANTS disclaim that they have any liability to, or have engaged in any wrongful acts against, PLAINTIFF, or any other person or entity.

### 4. Consideration and Conditions

4.1 In consideration of PLAINTIFF'S releases and other promises herein, and pursuant to the other terms and conditions contained in this SETTLEMENT AGREEMENT, DEFENDANTS agree to pay PLAINTIFF the total sum of $3,500.00 ("the SETTLEMENT AMOUNT").

4.2 Payment of the SETTLEMENT AMOUNT will be made within 15 days after entry of an order granting final approval of the ROES SETTLEMENT, provided PLAINTIFF has opted out of the ROES SETTLEMENT as required by Paragraph 6.

4.3 The SETTLEMENT AMOUNT shall be paid via check payable to Lichten & Liss-Riordan, PC and mailed to PLAINTIFF's Counsel at Lichten & Liss-Riordan, PC, who will be responsible for distribution of the settlement funds to PLAINTIFF.

4.4 Payment of the SETTLEMEMENT AMOUNT will be reported by PLAINTIFF's counsel to the appropriate taxing authorities as income to PLAINTIFF on a Form 1099. Before DEFENDANTS' obligation to pay the SETTLEMENT AMOUNT arises, PLAINTIFF's counsel will submit to DEFENDANTS' counsel a completed and executed Form W-9. DEFENDANTS take no position with regard to the characterization of the SETTLEMENT AMOUNT payment and takes no position with regard to the taxable status of said payment, but will report said amount to the taxing authorities as set forth above.

4.5 PLAINTIFF acknowledges and agrees that DEFENDANTS have made no representations regarding the tax consequences of any SETTLEMENT AMOUNT payments made pursuant to this SETTLEMENT AGREEMENT and that she is responsible for all taxes due by her with respect to the SETTLEMENT AMOUNT. PLAINTIFF is advised to seek the advice of tax counsel concerning her responsibility to pay taxes on the SETTLEMENT AMOUNT. PLAINTIFF agrees to defend and indemnify DEFENDANTS to the fullest extent allowed by the law in the event of any liability imposed against DEFENDANTS arising out of any failure by her to pay any taxes on any portion of the SETTLEMENT AMOUNT. DEFENDANTS agree to notify PLAINTIFF of any such claims and/or liability within a reasonable time period of learning of such so as to give her an opportunity to defend against any such claims and\or liabilities.

**5. Release of Claims**

5.1 In exchange for and in consideration of payment of the SETTLEMENT AMOUNT, PLAINTIFF and her current and former agents, trustees, beneficiaries, executors, administrators, successors, assigns, attorneys, and all others claiming through or by her, hereby release and forever discharge DEFENDANTS and the ROES DEFENDANTS, and their current and former owners, investors, officers, directors, managers, employees, contractors, agents, subsidiaries, related entities, administrators, successors, assigns, insurers, attorneys, and any of them (collectively, the "RELEASEES"), from any and all claims PLAINTIFF has, or claims to have, against RELEASEEES as alleged in the LITIGATION and/or the ROES ACTIONS, including, but not limited to, any claims for alleged retaliation, misclassification as an independent contractor, breach of contract, unpaid wages or overtime pay, violations of the California Labor Code or Fair Labor Standards Act, violations of the California Fair Employment & Housing Act, violation of Title VII of the Civil Rights Act of 1964 (as amended), penalties, liquidated damages, or attorneys' fees and/or costs, as well as any claims arising out of or related to the claims alleged in the LITIGATION and/or the ROES ACTIONS or which could have been alleged in the LITIGATION and/or ROES ACTIONS, up to and including the EFFECTIVE DATE of this SETTLEMENT AGREEMENT. The PARTIES understand and agree that this release includes any claim by PLAINTIFF for unpaid wages and any related penalties, which claims DEFENDANTS dispute on the merits. Accordingly, the PARTIES understand and agree that the provisions of Labor Code §206.5, which preclude a release of undisputed wage claims, do not apply to any claims for wages released hereunder.

5.2 PLAINTIFF expressly acknowledges she has been advised by her attorneys with respect to this release and is familiar with the provisions of California Civil Code § 1542, which provides as follows:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS

> THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY

5.3 PLAINTIFF expressly acknowledges her awareness of the foregoing provision and that it is her intention to waive her rights under that provision and any other provision, statute, rule or legal doctrine in this or any other jurisdiction of similar import for any and all claims released in this SETTLEMENT AGREEMENT. In waiving the provisions of section 1542, and similar provisions, PLAINTIFF expressly acknowledges and understands she may hereafter discover facts in addition to, or different from, those that she now believes to be true with respect to the subject matter of the claims released herein, but expressly agrees that she has taken these possibilities into account in electing to enter into this SETTLEMENT AGREEMENT.

5.4 The PARTIES understand and agree that nothing in this SETTLEMENT AGREEMENT prohibits or prevents PLAINTIFF from participating, testifying, or assisting in any investigation, hearing, or other proceeding before the U.S. Equal Employment Opportunity Commission, the National Labor Relations Board or a similar agency enforcing federal, state or local anti-discrimination laws. However, to the maximum extent permitted by law, PLAINTIFF agrees that if such an administrative claim is made to such an agency, PLAINTIFF shall not be entitled to recover any individual monetary relief or other individual remedies.

5.5 Except as specified herein, the PARTIES acknowledge that they are each to bear their own costs and attorneys' fees incurred in connection with PLAINTIFF'S assertion of claims against DEFENDANTS.

**6. <u>Class Action Opt-Out</u>**

In consideration for payment of the SETTLEMENT AMOUNT, PLAINTIFF agrees to exclude herself from, or opt-out of the ROES SETTLEMENT. PLAINTIFF will comply with the opt-out procedures set forth in Paragraph 11.3 of the ROES SETTLEMENT, and expressly authorizes her counsel to opt-out of the ROES SETTLEMENT on her behalf no later than expiration of the opt-out period on October 17, 2022. PLAINTIFF further agrees that, due to amendments made to the ROES SETTLEMENT, any prior objections to the ROES SETTLEMENT are now moot, and therefore she will promptly withdraw any objections (to the extent she has not done so) she has filed to ROES SETTLEMENT, and expressly authorizes her Counsel to do so on her behalf. PLAINTIFF acknowledges and agrees that, by opting out of the Settlement in the ROES ACTIONS, she will have not standing to object to the ROES SETTLEMENT or terms thereof, or to appeal any ruling from the Court granting final approval of the ROES SETTLEMENT.

**7. <u>No Actions re Released Claims</u>**

PLAINTIFF represents and warrants that she has not transferred to any person or entity

any rights, causes of action, or claims released in this SETTLEMENT AGREEMENT. PLAINTIFF agrees that she will not bring any complaints, charges, notices or claims in any court or before any governmental agency, including but not limited to the EEOC, DFEH, LWDA, EDD or DLSE on behalf of herself or others against or relating to RELEASEES, or any of them, by which she asserts claims released in this SETTLEMENT AGREEMENT.

**8. <u>Non-Cooperation</u>**

PLAINTIFF will not encourage, cooperate with, or volunteer to assist any third party in pursuing or bringing any demands, litigation, actions, charges, or legal claims against the RELEASEES, or any of them, unless compelled to do so by legal process and then only to the extent compelled to do so.

**9. <u>Dismissal</u>**

Within ten (10) days of DEFENDANTS' satisfaction of payment of the SETTLEMENT AMOUNT payment terms set forth in Section 4, PLAINTIFF will dismiss with prejudice and without further costs any complaints, allegations, causes of action, or counts pending in the LITIGATION. PLAINTIFF hereby expressly authorizes her counsel, Lichten & Liss-Riordan, PC, to prepare and file the dismissal with prejudice and without further costs in accordance with this Section and PLAINTIFF'S counsel will take all necessary steps to secure such dismissal.

If PLAINTIFF has alleged a claim under the California Private Attorney General Act, Labor Code § 2698 et seq. ("PAGA"), PLAINTIFF will seek Court approval for dismissal, without prejudice, of her PAGA claim, if any. To the extent applicable, PLAINTIFF hereby expressly authorizes her counsel, Lichten & Liss-Riordan, PC, to prepare and file the necessary documents to secure dismissal of her PAGA without prejudice.

**10. <u>Contingencies</u>**

This SETTLEMENT AGREEMENT is contingent upon: (1) the Court granting final approval of the ROES SETTLEMENT, including as to the terms of the Amendment to Release and Settlement Agreement filed on June 1, 2022 in the ROES ACTIONS; and (2) securing Court approval, if and as necessary, of the dismissal of PLAINTIFF's PAGA claim, if any.

**11. <u>Enforcement</u>**

11.1 The PARTIES agree that this SETTLEMENT AGREEMENT may be enforced, as permitted by federal law, and that the United States District Court for the Northern District of California, will have jurisdiction to enforce this SETTLEMENT AGREEMENT.

11.2 In any legal action solely and specifically for breach of the PARTIES' respective obligations under the SETTLEMENT AGREEMENT, the prevailing party therein shall be entitled to have its/her costs and reasonable experts' and attorneys' fees paid by the losing party. Unless otherwise ordered to do so, only the provisions of the SETTLEMENT AGREEMENT alleged to have been breached shall be disclosed in such action.

**12. <u>Integration</u>**

This SETTLEMENT AGREEMENT represents the complete understanding between PLAINTIFF, on the one hand, and DEFENDANTS, on the other, regarding the subject matter herein, namely PLAINTIFF's final resolution of the claims released herein against RELEASEES, and no other promises or agreements shall be binding on the PARTIES or shall modify the SETTLEMENT AGREEMENT unless it is in writing and signed by the PARTIES. The SETTLEMENT AGREEMENT supersedes any prior agreements between PLAINTIFF, on the one hand, and DEFENDANTS, on the other, and shall be binding upon the PARTIES as to the subject matter herein as stated above. The PARTIES represent that they have not relied upon any promise or representation not contained in the SETTLEMENT AGREEMENT in executing it.

**13. <u>Construction</u>**

The PARTIES have reviewed and approved the content of the SETTLEMENT AGREEMENT. Therefore, the normal rule of construction that any ambiguity or uncertainty in a writing shall be interpreted against the party drafting the writing shall not apply to any action on the SETTLEMENT AGREEMENT. The SETTLEMENT AGREEMENT is made in the State of California and shall be construed and interpreted in accordance with its laws without regard to its principles of conflicts of law.

**14. <u>Severability</u>**

If any provision or clause of the SETTLEMENT AGREEMENT is declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, that provision will immediately become null and void, leaving the remainder of the SETTLEMENT AGREEMENT in full force and effect. Paragraphs 2.0 and 3.0 are non-severable.

**15. <u>Voluntary and Knowing Nature of Settlement</u>**

The PARTIES have carefully read this entire SETTLEMENT AGREEMENT. The PARTIES have had their attorneys fully explain its contents to them. The PARTIES fully understand the final and binding effect of this SETTLEMENT AGREEMENT. The only promises or representations made to the PARTIES about this SETTLEMENT AGREEMENT are contained herein. The PARTIES hereby acknowledge that they are signing this SETTLEMENT AGREEMENT voluntarily and freely and without pressure or undue influence from any other party.

**16. <u>Execution</u>**

This SETTLEMENT AGREEMENT may be executed by the PARTIES in counterparts with each counterpart to be deemed an original as to the party executing it. Electronic (e.g., DocuSign), facsimile, and .pdf copies of the PARTIES' signatures shall have the same effect as originals. This SETTLEMENT AGREEMENT will be effective only after all parties have signed it.

**PLAINTIFF'S SIGNATURE**

I, NICOLE HUGHES, having read this SETTLEMENT AGREEMENT in its entirety, hereby sign it as a free act.

DATED: Oct 17 2022 ____________, 2022

________________________________
NICOLE HUGHES

**Approved as to form and content.**

DATED: ____________, 2022

LICHTEN & LISS-RIORDAN, PC

By: ________________________________
Shannon Liss-Riordan

**DEFENDANT'S SIGNATURES**

DATED: 10/11/2022 | 9:06 PM PDT, 2022

S.A.W. ENTERTAINMENT, LTD dba Larry Flynt's Hustler Club

By: DocuSigned by: [signature] 57B21F05C0E547C...
FRANCESCO FUSCO

DATED: 10/13/2022 | 12:32 AM PDT, 2022

GOLD CLUB—SF, LLC

By: DocuSigned by: Craig Bordeau 029FAECDC59B471...
CRAIG BORDEAU

DATED: 10/12/2022 | 12:09 PM PDT, 2022

SFBSC MANAGEMENT, LLC

By: DocuSigned by: Gary Marlin 5FC2C492E3F8412...
GARY MARLIN

**Approved as to form and content.**

DATED: 10/11/2022 | 8:41 PM PDT, 2022

LONG & LEVIT, LLP

By: DocuSigned by: Shane Cahill A80EA1658BBF480...
Shane M. Cahill

4824-5596-8211, v. 1